480 So.2d 636 (1985)
THE FLORIDA BAR, Complainant,
v.
Robert W. BOWLES, Jr., Respondent.
Nos. 66308, 66397 and 66886.
Supreme Court of Florida.
December 19, 1985.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
No appearance, for respondent.
PER CURIAM.
These disciplinary proceedings by The Florida Bar against Robert W. Bowles, Jr., a member of The Florida Bar, are presently before us on complaints of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee's report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee made the following recommendations as to guilt or innocence:

"As to Case No. 66,308

COUNT I

(09A83C19)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: DR 2-106(A) and 2-106(B) for charging and collecting a clearly excessive fee under the circumstances.

As to Count II

(09A83C21)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: DR 3-104(A) for allowing nonlawyer personnel to counsel *637 clients, thereby engaging in the unauthorized practice of law; 3-104(C) for not insuring compliance by nonlawyer personnel with the Code of Professional Responsibility; 6-101(A)(3) for neglect of a legal matter and 7-101(A)(1) for intentionally failing to seek the lawful objectives of his client through reasonably available means permitted by law.

As to Case No. 66,397

COUNT I

(09A83C27)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: DR 6-101(A)(3) by failing to attend the court ordered pretrial conference or to file a court ordered pretrial statement which caused the client's case to be removed from the court docket.

As to Count II

(09A83C46)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of The Florida Bar's Code of Professional Responsibility, to wit: DR 1-101(A)(1) for violating Disciplinary Rules of The Florida Bar's Code of Professional Responsibility; 1-102(A)(5) for conduct prejudicial to the administration of justice by not appearing at properly noticed hearings on Ms. LeBar's behalf, especially on December 13, 1982 and on June 9, 1983; 1-102(A)(6) for engaging in conduct adversely reflecting on his fitness to practice law; 3-104(C) for failing to exercise the high standard of care to assure compliance by nonlawyer employees with the Code of Professional Responsibility; 3-104(E) for permitting a nonlawyer member of his staff to discuss a legal matter with a client without first advising the client that the nonlawyer staff member was not a lawyer; 7-101(A)(1) for failing to seek the lawful objectives of his client in that he did not appear on her behalf in court or at hearings; 7-101(A)(2) by failing to carry out his contract of employment with a client.

As to Count III

(09A83C68)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: DR 6-101(A)(3) for neglecting to prosecute the Air Force claim on behalf of his client; 7-101(A)(1) for failing to seek the lawful objectives of his client; 7-101(A)(2) for intentionally failing to fulfill his contract of employment with Mr. Wilson and 9-102(B)(4) for failing to promptly deliver possession of property entrusted to him by a client during his representation, after request for their return.

As to Count IV

(09A84C29)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Integration Rules of The Florida Bar and/or Disciplinary Rules of the Code of Professional Responsibility, to wit: Integration Rule 11.02(3)(a) for engaging in conduct contrary to honesty, justice and good morals, by using trust funds for other than the clients' purposes; 11.02(4)(b) and the associated Bylaws for failing to comply with the trust accounting procedures and keeping prescribed records of those trust accounts for a period of six years; Disciplinary Rules 1-102(A)(4) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; 1-102(A)(5) for engaging in conduct prejudicial to the administration of justice by failing to produce all records of his trust accounts, as required by two properly served subpoena duces tecum; 1-102(A)(6) for engaging in conduct adversely reflecting on his fitness to practice law by maintaining trust accounts in which shortages of individual clients' funds existed, and failing to follow the record-keeping requirements of the Integration Rule of The Florida Bar and Bylaws thereto; 9-102(A) by allowing his personal funds *638 to remain on deposit in the trust account in amounts more than reasonably enough to pay bank charges, thus constituting commingling of personal funds in his trust account; 9-102(B)(3) for failing to maintain complete records of all funds of a client coming into his possession.

As to Count V

(09A84C23)
"I recommend that the respondent be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: DR 3-104(A) by failing to insure that nonlawyer personnel perform only delegated duties, supervised by a licensed attorney, and thereby permitting the unauthorized practice of law; 3-104(C) by failing to exercise a high standard of care to assure compliance by nonlawyer personnel with the Code of Professional Responsibility; 6-101(A)(2) by handling a legal matter which he knew or should have known he was not competent to handle without unreasonable delay or expense to his client; 6-101(A)(3) by neglecting a legal matter entrusted to him.

As to Count VI

(09A84C24)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility to wit: DR 6-101(A)(2) by handling the adoption without adequate preparation under the circumstances; 6-101(A)(3) by neglecting the adoption matter entrusted to him.

As to Count VII

(09A84C30)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: DR 7-101(A)(1) for intentionally failing to seek the lawful objectives of his client.

Case No. 66,886

As to Count I

(09A84C79)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: DR 1-102(A)(4) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; 1-102(A)(6) by engaging in conduct adversely reflecting on his fitness to practice law; 6-101(A)(3) for neglecting a legal matter entrusted to him; 7-101(A)(1) by intentionally failing to seek the lawful objectives of his client through reasonably available means; 7-101(A)(2) by failing to carry out a contract of employment entered into with a client for professional services; 7-101(A)(3) for prejudicing or damaging his client during the course of the professional responsibility.

As to Count II

(09A84C73)
"I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: 1-102(A)(4) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; 1-102(A)(6) for engaging in conduct that adversely reflects on his fitness to practice law; 6-101(A)(3) for neglecting a legal matter entrusted to him by a client; 7-101(A)(1) for intentionally failing to seek the lawful objectives of his client; 7-101(A)(2) for failing to carry out a contract of employment entered into with a client for professional services; 7-101(A)(3) by prejudicing or damaging his client during the course of the professional relationship."
The referee recommends that respondent be found guilty of misconduct justifying disciplinary measures and recommends that respondent be disbarred from the practice of law in the State of Florida for a period *639 of ten years and that he be required to take and pass a course in legal ethics.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Robert W. Bowles, Jr., is hereby disbarred from the practice of law in the State of Florida for a period of ten years, effective immediately, and respondent is required to take and pass a course in legal ethics prior to readmission.
Judgment for costs in the amount of $5,590.18 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.