PER CURIAM.
This disciplinary proceeding is before us on complaint of the Florida Bar and the referee’s report. Castle petitions this Court for review, contesting portions of the findings of fact, the recommendations of guilt, and the recommended discipline. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee found the following facts:
a. That in November, 1979, respondent was retained to represent Patricia Vaccaro in a civil suit, for $250.00.
b. That respondent filed a civil suit on behalf of her client and that thereafter, a default judgment was entered in favor of respondent’s client.
c. That on August 26, 1980, a hearing was set in the cause on a motion to vacate the default to which hearing the respondent failed to attend, resulting in an order vacating default being entered.
d. That respondent set the case for trial for May 18, 1981, with a Pre-trial Conference set for April 22, 1981.
e. That respondent failed to appear at the Pre-trial Conference on April 22, 191 [sic], and as a result, the trial judge dismissed the case without prejudice on May 14, 1981. Respondent never refiled the cause.
By reason of the foregoing, I find the respondent guilty of neglecting a legal matter, prejudicing or damaging her client and failing to carry out a contract of employment.
Based on these factual findings, the referee recommended that Castle be found guilty of violating the following disciplinary rules of the former Code of Professional Responsibility: * DR 1-102(A)(5) (conduct prejudicial to the administration of justice); DR 1-102(A)(6) (conduct which adversely reflects on fitness to practice law); DR 6-101(A)(3) (neglect of a legal matter); DR 7-101(A)(2) (failure to carry out an employment contract); and DR 7-101(A)(3) (prejudice or damage to client).
Castle challenges the referee’s finding that her failure to attend the hearing on *163 motion to vacate default resulted in the default being vacated. We agree that the record does not support this finding. Although it is undisputed that Castle failed to attend the hearing, there is nothing to indicate the basis for the trial court’s order vacating the default. Castle also argues that the record does not support the referee’s finding that she set the case for trial and set the pre-trial conference. We must first note that Castle incorrectly interprets this finding. The referee found only that Castle set the case for trial, not that she set the pre-trial conference date. A review of the record shows that, in response to Castle’s request, the court set the pre-trial conference and trial dates.
The record clearly supports the referee’s finding that Castle failed to appear at the pre-trial conference, resulting in dismissal of the action. The trial court’s order of dismissal states:
It appears that the Complaint was filed June 2,1980 and a Default obtained June 15,1980. A Notice of Hearing on Motion to Vacate Default Judgment, filed August 1, 1980 and set for a hearing August 26, 1980, resulted in Plaintiff’s Attorney failing to appear at that time.
Plaintiff’s Attorney [Castle] filed a Motion to Set Case for Trial December 18, 1980, and this Court sent out a Notice of Trial Setting on December 23, 1980, indicating that said trial setting would occur February 11, 1981 in Chambers. The record does not reflect whether Plaintiff’s Attorney was present or not. In any event, on that date — February 11, 1981, this court entered an order for a pretrial conference and trial in which pretrial conference was set in Chambers Wednesday, April 22, 1981 at 1:00 p.m., and directing that the Attorneys were to confer on or about April 13, 1981 preparatory for subject pretrial. Plaintiff’s Attorney did not confer with opposing counsel April 13, 1981, nor did she appear for pretrial conference April 22, 1981.
As the trial neared, this court attempted three or four times to contact Plaintiff’s counsel by telephone but was unable to do so until the court suggested to Plaintiff’s Attorney’s secretary that said Attorney was bordering on contempt of court, after which said Attorney did contact the court but did not enlighten the court to any degree regarding her neglect. It is therefore,
ORDERED AND ADJUDGED that said cause be and is hereby dismissed without prejudice.
The record also supports the referee’s finding that Castle never refiled the action. Further, Castle admitted at the referee’s hearing on sanctions that she was negligent. These facts support the referee’s recommendations of guilt as to DR 1-101(A)(5) (conduct prejudicial to the administration of justice); DR 1-101(A)(6) (conduct reflecting adversely on the fitness to practice law); and DR 6-101(A)(3) (neglect of a legal matter). See The Florida Bar v. Murray, 489 So.2d 30 (Fla.1986); The Florida Bar v. Bowles, 480 So.2d 636 (Fla. 1985); and The Florida Bar v. Larkin, 420 So.2d 1080 (Fla.1982).
The referee also recommended that Castle be found guilty of violating DR 7-101(A)(2) (intentionally failing to carry out an employment contract) and DR 7-101(A)(3) (intentionally prejudicing or damaging a client). The referee’s report contains no finding that any such prejudice, damage, or failure to carry out the contract was intentional. Therefore, the referee’s findings of fact do not support these recommended disciplinary violations. Nevertheless, we find that the violations of DR 1-102(A)(5), DR 1-102(A)(6), and DR 6-101(A)(3) warrant, and we therefore adopt, the referee’s recommended discipline consisting of a public reprimand before the Board of Governors of The Florida Bar; reimbursement of $250.00 in attorney’s fees to Patricia Vaccaro; eighteen months probation under supervision of an attorney; and payment of the costs of the disciplinary proceedings. We find no authority for, and do not approve, the referee’s recommendation that Castle pay Vaccaro the amount of $345.00 as reimbursement for auto repair expenses alleged in the suit subsequently dismissed because of Castle’s failure to appear at the pre-trial conference. Judgment for costs in the amount of $938.17 is hereby entered against the respondent, for which sum let execution enter.
It is so ordered.
*164 McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

 The Rules Regulating The Florida Bar superseded The Florida Bar Integration Rule and the Code of Professional Responsibility January 1, 1987. The Florida Bar Re; Rules Regulating The Florida Bar, 494 So.2d 977 (Fla.1986).