PER CURIAM.
We have for review the referee’s report on three consolidated complaints against Robert W. Blunt, a member of The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const. Although we approve the recommended findings of guilt, we reject the recommended discipline and, instead, disbar Blunt from the practice of law.
The three complaints include a total of seven counts and charge neglect of legal matters, improper trust accounting, and misuse of client funds, among other things. It appears that Blunt participated in the *130 earliest proceedings against him, but, at some point in time, abandoned his practice and disappeared. After a hearing, at which Blunt did not respond, the referee recommended that he be found guilty of violating numerous provisions of the former code of professional conduct and the current Rules Regulating The Florida Bar.* Although the bar sought disbarment, the referee recommended a twelvemonth suspension and payment of costs. Neither side petitioned for review, but, after inspecting these files, this Court ordered briefs on the recommended discipline. The bar now asks that Blunt be disbarred; Blunt has not responded.
After reviewing these cases, we agree that disbarment is warranted. Blunt repeatedly ignored his clients’ interests and misused their moneys and, ultimately, abandoned them without notice. We have not hesitated to disbar attorneys who injure their clients and abandon their practice. E.g., The Florida Bar v. Setien, 530 So.2d 298 (Fla.1988); The Florida Bar v. Ribowsky-Cruz, 529 So.2d 1100 (Fla.1988); The Florida Bar v. Murray, 489 So.2d 30 (Fla.1986). Given the magnitude of Blunt’s misconduct, the referee’s recommended punishment is insufficient.
Therefore, we disbar Robert W. Blunt, effective immediately upon the filing of this opinion. Judgment for costs in the amount of $3,027.85 is hereby entered against Blunt, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, ehrlioh, barkett, GRIMES and KOGAN, JJ., concur.

The specific provisions are: former integration rule 11.02(3)(a) and 11.02(4); former disciplinary rules 1-102(A)(5) and (6), 2-110(A)(1) and (2), 3-104(C) and (D), 6-101(A)(3), 7-101(A)(2), 7-104(A), 9-102(B)(3); and Rules Regulating Fla. Bar 4-1.3, 4-1.4, 4-1.4(a) and (b), 4-1.15(d), 4-1.16(d), 4-3.2, 4-5.3(b), 4-8.4(a), (c), and (d), 5-1.1, and 5-1.1(a).