PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline.
On October 1, 1979, The Florida Bar filed its Petition alleging:
1. On June 20, 1979, Grievance Committee “F” of the Eleventh Judicial Circuit filed its report with The Florida Bar finding probable cause in case numbers 11F75 — 1 and 11F79M12 and 11F74-12.
2. In cases 11F74-12 and 11F75-1, Mr. Tobin collected large sums of money on behalf of certain clients. Although the money was collected during May and July, 1973, he did not pay his clients until March 1976, when he paid them in full plus 6% interest. Mr. Tobin contends that his former secretary embezzled the funds. Nevertheless, the grievance committee report states: “However, what is particularly damaging, is that the total lack of communication with the complainants after they made repeated inquiries.”
3. In case number 11F79M12, the grievance committee found that Mr. To-bin was retained during November 1976 to represent a client in a claim against a physician for malpractice. The client believed that Mr. Tobin was proceeding with the case, while Mr. Tobin stated he informed the client that there was no case. Since February 1977, Mr. Tobin did not speak or write to his client, but he did put his malpractice carrier on notice, as the statute of limitations had expired.
The grievance committee found that Mr. Tobin violated the following Disciplinary Rules of the Code of Professional Responsibility: 9-102(B)(3) and (4) and 6 — 101(A)(3).
4. On August 10, 1979, Mr. Tobin signed a Conditional Guilty Plea for Consent Judgment to the Grievance Committee Report in exchange for a Public Reprimand to be published in the Southern Reporter.
5. By his plea, Mr. Tobin admitted that he was guilty of violating the following Disciplinary Rules:
9-102(B) a lawyer shall:
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in possession of the lawyer which the client is entitled to receive.
6-101(A)(3) a lawyer shall not neglect a legal matter entrusted to him.
6. The Board of Governors of The Florida Bar at its meeting September 13-15,1979, voted to accept Mr. Tobin’s Conditional Guilty Plea for a Consent Judgment for a Public Reprimand to be published in the Southern Reporter.
The Petition for Approval of Conditional Guilty Plea is granted, and Respondent, Michael Mynhart Tobin, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
*DCCLXXII Costs in the amount of $295.50 are hereby taxed against the Respondent.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.