431 So.2d 983 (1983)
THE FLORIDA BAR, Complainant,
v.
Jerry E. OXNER, Respondent.
No. 62454.
Supreme Court of Florida.
April 21, 1983.
Rehearing Denied June 15, 1983.
*984 John F. Harkness, Jr., Executive Director and Stanley A. Spring, Staff Counsel, Tallahassee, and Jacquelyn Plasner Needelman, Bar Counsel, Fort Lauderdale, for complainant.
Phillip T. Crenshaw of Crenshaw & Crenshaw, Lake Worth, for respondent.
PER CURIAM.
This is an action initiated by The Florida Bar against the respondent, Jerry E. Oxner, in which the Bar claims, and the referee found, that the respondent was guilty of violating Disciplinary Rule 1-102(A)(4), Disciplinary Rule 7-102(A)(5), and Disciplinary Rule 1-102(A)(5). Although the respondent has sought review, we approve, endorse, and accept the referee's report, findings, and recommendations. Because we find this case significant as it relates to a dereliction of responsibility of an attorney to the court, we publish the referee's full report, with his recommendations and reasons therefor. The report reads as follows:
Findings of Fact
1. Respondent, Jerry E. Oxner, is, and at all times hereinafter was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. A continuation of a trial of a case styled Robert Shaw v. General Accident Group, et al, Circuit Court Case No. 79-34 CA(L) O1H and in which the Respondent was counsel of record for the plaintiff, was set for April 16, 1981, before the Honorable Edward H. Fine, Acting Circuit Judge, in the Circuit Court of the Fifteenth Judicial Circuit of Florida, In and For Palm Beach, County.
3. On April 15, 1982, Judge Fine's Judicial Assistant Beth Burnett, contacted the respective attorneys, Jerry Oxner and Robert G. Merkel, regarding the matter set for April 16, 1981, to advise them that:
a. Due to a lengthy trial in which Judge Fine was involved, the trial set for April 16, 1981 might be re-scheduled to May, 1981;
b. Ms. Burnett would contact the respective attorneys on that same day, April 15, 1981, to tell them definitely whether or not another trial date would be set; and
c. Until such time as the attorneys were instructed, the attorneys should assume that the hearing would be held as scheduled on April 16, 1981.
4. Later in the day on April 15, 1981, Ms. Burnett again contacted the attorneys' offices and advised that the hearing would take place as scheduled on April 16, 1981.
5. Robert G. Merkel, the attorney for the defendant, appeared at the scheduled time on April 16, 1981.
6. The Respondent, attorney for the plaintiff, failed to appear at the scheduled time on April 16, 1981.
7. As a result of the Respondent's failure to appear, Judge Fine called the Respondent on April 16, 1981.
8. During the telephone conversation as stated in paragraph seven (7) above, the Respondent advised Judge Fine that he received a message from his office that morning that the trial was re-scheduled.
9. During the telephone conversation as stated in Paragraph seven (7) above, Judge Fine asked the Respondent if he could proceed to trial on April 16, 1981, in spite of the mix-up concerning the rescheduling of the hearing set for April 16, 1981.
10. During the telephone conversation as stated in paragraph seven (7) above, the Respondent advised Judge Fine that he would need a continuance as he had personally excused a key witness, a Mr. Henderson, an insurance adjuster for the Hartford Insurance Company, who would testify regarding whether one Curtis Williams *985 was insured by Hartford Insurance Company.
11. Further, the Respondent represented to Judge Fine that he could not contact Mr. Henderson in time to proceed as Mr. Henderson worked out of his home and had no office at which he could be reached.
12. After speaking with the Respondent, on April 16, 1981, Judge Fine contacted Mr. Henderson with no difficulty, merely by dialing the telephone number for the Hartford Insurance Company.
13. Mr. Henderson advised Judge Fine that:
a. He worked at the Hartford Insurance Company;
b. He knew the Respondent personally;
c. He had no knowledge of the case;
d. He was not subpoenaed or otherwise contacted by the Respondent regarding the cause Robert Shaw v. General Accident Group, et al;

e. He was never excused by the Respondent from appearing for the trial set for April 16, 1981;
f. He had not spoken with the Respondent on the 15th or 16th of April, 1981, and the Respondent had not left any messages for him during that time.
g. His wife was an employee of the Respondent and knew how to reach him;
h. He had no knowledge of Curtis Williams and he never heard of the case nor spoke with the Respondent regarding checking the files of his office concerning Curtis Williams.
14. The end result of the litigation was that the Respondent appeared and was unable to prove that Curtis Williams was uninsured thereby resulting in a judgment being entered against the Respondent's client.
15. By reason of the foregoing, the Respondent violated Disciplinary Rule 1-102(A)(4) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, and Disciplinary Rule 7-102(A)(5), by knowingly making a false statement of law or fact and Disciplinary Rule 1-102(A)(5), by engaging in conduct that is prejudicial to the administration of justice.
Recommendations
The Referee recommends that Respondent be found guilty as in paragraph fifteen (15) above and that he be disciplined by suspension for sixty days. The evidence is uncontroverted that Respondent deliberately lied to Judge Fine, both by telephone and in Court, in order to obtain a continuance. By his own words (Record p. 62, line 22) "... I got myself caught in a crunch and I was careless with what I had to say to the Court to get out of my mistake."
Respondent presented the appearance to the Referee that this was a minor mistake and that the Bar was making too big a matter out of it. He did not get counsel to represent him in these proceedings, he filed no Answer, and he denied the truth of all of the Bar's Requests for Admissions except that he was a member of the Bar subject to discipline by the Supreme Court. The seriousness of his conduct in making bold faced lies to Judge Fine does not appear to be recognized by Respondent. He claims that he has only committed one error that merits no more than a private reprimand and that he has been punished enough by the pendency of these proceedings. Much like he did when he compounded his initial lie over the phone by his statements in Court, Respondent seems to think that by refusing to recognize the significance of his conduct, it will all just go away.
Respondent cited some personal problems in his life that have now been alleviated. However, none of these explains or justifies the deliberate lies Respondent told. The Referee believes that mere reprimand, private or public, will not be sufficient to convince Respondent that his conduct toward a Court of this State was intolerable and cannot be passed over lightly. He has tarnished the honor of all members of the Bar by his conduct and *986 he should be given some time away from his profession to reflect upon this.
Respondent should also pay the costs of these proceedings.
We would emphasize the importance of a judge's being able to rely on representations made by counsel. A lawyer should never mislead the court. This lawyer's image in the eyes of all judges is tarnished for a long time. All attorneys should take heed to avoid making the mistakes he did.
Commencing thirty days from the filing of this opinion, Jerry E. Oxner shall stand suspended as a member of The Florida Bar for sixty days. During said time he shall not engage in the practice of law in any manner. He is directed to pay costs in the sum of $1,159.51 within thirty days of the filing of this opinion.
It is so ordered.
BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, Acting C.J., concurs in part and dissents in part with an opinion.
ADKINS, Justice, concurring and dissenting in part.
I concur in the finding that respondent violated the Disciplinary Rules, but I dissent as to the punishment. There is no evil or fraudulent intent on the part of respondent shown in the record.
He acknowledged his wrongful statements to Judge Fine without qualification. Respondent is a family man with children and has been practicing law since 1971. There have been no prior disciplinary proceedings brought against him. A sixty-day punishment exceeds the reasonable necessity to preserve the purity of the Bar.
In my opinion, a public reprimand is appropriate.