436 So.2d 48 (1983)
THE FLORIDA BAR, Complainant,
v.
John Roger SNOW, Respondent.
No. 60297.
Supreme Court of Florida.
July 14, 1983.
Rehearing Denied September 8, 1983.
John F. Harkness, Jr., Executive Director and Stanley A. Spring, Staff Counsel, Tallahassee, and Richard B. Liss, Bar Counsel, Miami, for complainant.
*49 Louis M. Jepeway, Jr. of Jepeway & Jepeway, Miami, for respondent.
PER CURIAM.
In this lawyer disciplinary proceeding, the respondent, John R. Snow, was charged with obtaining evidence for clients he represented by the use of false representations. The referee, in a contested factual dispute, found respondent guilty as charged and recommended a six-month suspension. The respondent has petitioned for review. We have jurisdiction, article V, section 15, Florida Constitution, and we approve the referee's report.
The referee, after hearing conflicting testimony from the respondent and the complaining witness, found:
[T]hat the Respondent, in order to secure evidence for clients he represented, secured a taped telephone conversation with the adverse party by the use of false representations, by intentionally concealing from such adverse party his intended use thereof and intentionally misleading such adverse party as to the intended use thereof.
The referee determined that respondent had violated Florida Bar Integration Rule, article XI, Rule 11.02(3)(a), and Disciplinary Rules 1-102(A)(4), (5) and (6). Taking into consideration a public reprimand given the respondent in a prior proceeding, the referee recommended that respondent be suspended from the practice of law for six months and thereafter until he proves his rehabilitation. He also recommended that respondent be assessed costs of $975.95.
In his petition for review, respondent challenges both the referee's finding of guilt and the recommended discipline. Regarding the finding of guilt, respondent contends that the Bar failed to prove the charges against him by clear and convincing evidence. He contends that the uncorroborated testimony of the complaining witness was evasive and inconclusive. Respondent raises what is essentially a credibility issue, asserting that the referee should have believed him rather than the complaining witness. We reject this argument and hold that there is sufficient competent evidence to support the referee's determination of guilt.
Respondent also challenges the referee's recommendation of a six-month suspension, asserting that the maximum discipline that would be proper in this case is a public reprimand. In making his recommendation, the referee took into consideration the fact that respondent had been disciplined previously.
The prior action, in which the same referee presided, also involved charges of dishonest conduct and misrepresentations. The Florida Bar v. Snow, 397 So.2d 295 (Fla. 1981). The prior action arose when the respondent, in attempting to effect a favorable settlement in a civil case, represented to an adversary that, in return for the settlement of the civil case, his clients would cooperate in furnishing information beneficial to the other party in a related criminal case. Additionally, respondent obtained affidavits from two individuals in an attempt to disqualify a judge presiding over one of respondent's cases. These affidavits contained information of which the affiants had no personal knowledge, and respondent knew that some of the statements contained in the affidavits were deceitful and false. Respondent's unblemished record, his comparative inexperience, and his apparent naivete as to the gravity of his conduct prompted the referee to recommend only a public reprimand and the imposition of the costs of the proceedings.
We conclude that the referee was fully warranted in recommending a six-month suspension in the instant case. In fact, the circumstances presented could reasonably justify a more severe punishment.
For the reasons expressed, we affirm the recommended discipline and, accordingly, John R. Snow is hereby suspended for a period of six months and thereafter until he proves his rehabilitation. The suspension shall be effective on the thirtieth day following the filing of this opinion, thereby giving respondent adequate time to close *50 out his practice and take the necessary steps to protect his clients.
The respondent shall pay the cost of these proceedings in the amount of $975.95.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.