PER CURIAM.
This disciplinary proceeding is again before the Court for consideration of an uncontested referee’s report. We approve the report.
On August 21, 1986, we issued an order approving the report of the referee finding attorney Larry R. Bergman guilty of professional misconduct. We also adopted the recommended discipline of a six-month suspension. The misconduct found was the neglect of a client’s legal business. There was no petition for review.
Following the rendition of this Court’s judgment, respondent filed a motion for rehearing stating that he had not received sufficient notice of the disciplinary proceedings. He represented that he would have contested the Bar’s charges if he had been afforded proper notice of the proceedings. We granted rehearing and remanded the case to the referee for a determination of whether sufficient notice had been provided.
On remand, the referee found that The Florida Bar had effected proper notice and service of its complaint and other pleadings to the respondent in that they were sent in the prescribed manner to respondent’s record bar address.* The referee found further that respondent had actual notice of the fact that in August 1985, a grievance committee had found probable cause for further proceedings. Moreover, the referee found, The Florida Bar attempted to locate the respondent for purposes of service of process when it was discovered that he was not practicing or residing at his record bar address, but that this good-faith attempt was unsuccessful.
*13 The referee offered the following opinion in reply to the respondent’s contention that the Bar should have conducted a more thorough investigation in the effort to locate him:
It would be unduly burdensome to expect The Florida Bar to find every respondent who chooses to move and not notify The Florida Bar of his whereabouts. Further, if actual notice was made mandatory, a respondent could avoid prosecution simply by making himself unavailable to The Florida Bar service, presenting an obvious threat to the protection of the public.
The referee also found that, by respondent’s own admission, he had failed to notify The Florida Bar of his address.
Respondent does not challenge the referee’s findings. The report of the referee on remand is hereby approved. We therefore adhere to our previous judgment approving the referee’s findings of guilt by violation of Disciplinary Rules 6-101(A)(2) (a lawyer shall not handle a legal matter without adequate preparation) and 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him).
We also adhere to our previous adoption of the referee’s recommendations. Accordingly, respondent is hereby suspended for six months, effective thirty days from the filing of this opinion, thereby giving respondent time to close out his practice and protect the rights of his clients. Reinstatement shall be conditioned upon proof of rehabilitation and payment of restitution to his former client in the amount of $7,500.
Additional costs are assessed against respondent in the amount of $246.95. Judgment for costs in the amount of $822.93 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

 The referee noted that at the time of the filing of the Bar’s complaint, article XI, rule 11.01(2) of the Integration Rule of The Florida Bar provided that the "mailing by registered or certified mail of papers or notices prescribed in these rules to the last mailing address of an attorney as shown by the official records in the office of the Executive Director of The Florida Bar shall be sufficient notice and service unless this Court shall direct otherwise." The said provision also provided that every member of the Bar was "charged with notice of the provisions of Section 6 of Article II, relating to change of mailing address." Article II, section 6, provided: "It shall advise the duty of each member of The Florida Bar immediately to advise the Executive Director of any change of mailing address or military status." Provisions to the same or equivalent effect are now set forth in rule 3-7.-10(b), Rules Regulating The Florida Bar (service by mail to the Bar’s official record mailing address is sufficient), and rule 1-3.3, Rules Regulating The Florida Bar (Bar member must notify executive director of change of official mailing address).