PER CURIAM.
This disciplinary proceeding is before us on the referee’s report on a petition of The Florida Bar seeking to hold respondent Santiago in contempt. The Bar has filed a petition for review, contesting the referee’s recommended discipline as too lenient. We have jurisdiction. Art. V, § 16, Fla. Const.
Complaints were filed against respondent in 1986 involving alleged neglect of clients and abuse of trust accounts. Respondent failed to produce records, respond to queries, or appear when subpoenaed. We temporarily suspended respondent on April 15, 1987, with an order specifying various actions that respondent was required to immediately perform. Respondent failed to comply and the Bar discovered by investigation that respondent was continuing to openly practice law in violation of the suspension order. Upon petition of the Bar, we issued an order to respondent to show cause why he should not be held in contempt. No response was received and on October 6,1987, we deemed the allegations of the Bar to have been admitted and appointed a referee to conduct a hearing and to submit a recommended disciplinary order. On October 19,1987, respondent executed an unconditional guilty plea and consent judgment for discipline under which he acknowledged guilt and agreed to accept disbarment as a disciplinary sanction pursuant to Rule 8-5.1(f) of the Rules Regulating The Florida Bar, retroactive to April 15, 1987, and not to seek reinstatement for five years from the date of disbarment.
In his recommended order, the referee found respondent had acknowledged receipt of the orders from this Court and the Bar correspondence pertaining thereto, but had not opened his mail because of unspecified personal difficulties. Accordingly, because he found no strong evidence of actual knowledge and knowing violation of this Court’s order, the referee recommended a two-year suspension rather than the stipulated disbarment. The Bar urges that we impose a disbarment. Respondent has not answered.
It is uncontroverted that respondent received our order of temporary suspension and that he violated that order by continuing to practice law. It is also uncontrovert-ed that respondent received the earlier notices concerning disciplinary proceedings against him, including subpoenas, and that he failed to cooperate or appear as required. Respondent’s explanations for this behavior, as given to the referee, were that he was experiencing personal difficulties during this period and did not open the correspondence because he believed it contained “bad news.” Aside from direct contempt of this Court by continuing to practice law while suspended, respondent has effectively thwarted the efforts of the Bar since 1986 to investigate the complaints against him. We cannot countenance such behavior and reject the proposition that disciplinary proceedings and orders of this Court can be ignored by consciously deciding not to open mail. To accept such a proposition as mitigation would require that the Bar and this Court take physical custody of respondents in order to ensure notification of disciplinary actions or proceedings has been accomplished.
We find that respondent was in contempt of this Court. We can find no support for the referee’s recommended discipline. Pursuant to the guilty plea and consent judgment which he executed, respondent is disbarred retroactive to April 15, 1987. Because respondent is already under suspension and the stipulated disbarment is retroactive, we assume that notice to clients in accordance with Rule 3-5.1(h) of the Rules *1113 Regulating The Florida Bar has already been accomplished.
The costs of these proceedings are assessed against respondent. Judgment for costs in the amount of $225.90 is entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.