606 So.2d 1159 (1992)
THE FLORIDA BAR, Complainant,
v.
Richard M. McIVER, Respondent.
No. 76903.
Supreme Court of Florida.
October 29, 1992.
*1160 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Warren Jay Stamm, Bar Counsel and Arlene K. Sankel, Co-Bar Counsel, Miami, for complainant.
David Popper of Popper & Popper, P.A., and Timothy K. Barket and Lance Wayne Shinder of Barket & Barket, Miami, for respondent.
PER CURIAM.
Richard M. McIver, a suspended member of The Florida Bar, seeks review of the referee's recommendation of disbarment filed in this disciplinary action. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's report.
The Florida Bar accused McIver of numerous trust accounting violations, shortages in his trust accounts, improper allocation of client's funds, and using estate funds for purposes other than the estate. The referee found that McIver had violated rules 5-1.1 (trust accounts), 5-1.2(b) (minimum trust accounting records), 5-1.2(c) (minimum trust accounting procedures), and 4-1.15(b) (safekeeping of property) of the Rules Regulating The Florida Bar, former disciplinary rules 9-102(A) and (B) (preserving identity of funds and property of the client), and article 11.02(4) (trust funds and fees) of the former integration rule of The Florida Bar. She recommended disbarment.
McIver admits that he did not handle his trust account properly and that he intermingled funds. He contends that no one suffered any pecuniary loss and that the penalty is too severe. The referee heard this argument and concluded that McIver's acts exposed his clients to great risks. She apparently concluded that his flagrant use of estate and client funds was intentional and clearly unauthorized as opposed to being merely negligent. The record leads to the inescapable conclusion that at times he used clients' funds for his own purposes.
In The Florida Bar v. Knowles, 572 So.2d 1373, 1375 (Fla. 1991), we stated: "Unquestionably, the misuse of client funds is one of the most serious offenses a lawyer can commit. Misuse of a client's funds in itself warrants disbarment." We have, however, lessened the ultimate penalty when the misconduct was accompanied by substantial mitigating circumstances. The Florida Bar v. McShirley, 573 So.2d 807 (Fla. 1991). While there is some mitigation here, it is insufficient to lessen the penalty. We agree that McIver should be disbarred.
We do agree, however, that because McIver was suspended on May 4, 1989 for his misconduct and because he has complied with the terms of his suspension, the effective date of this disbarment should be the date of his suspension. Accordingly, we approve the referee's report and disbar Richard M. McIver, nunc pro tunc, May 4, 1989. Judgment for costs is entered in favor of The Florida Bar and against Richard M. McIver in the amount of $6,643.90, for which sum let execution issue.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., recused.