624 So.2d 261 (1993)
THE FLORIDA BAR, Complainant,
v.
Louis J. WEINSTEIN, Respondent.
No. 78966.
Supreme Court of Florida.
September 23, 1993.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Richard B. Liss, Bar Counsel and Lorraine C. Hoffman, Co-Bar Counsel, Fort Lauderdale, for complainant.
Louis J. Weinstein, pro se.
PER CURIAM.
This matter is before the Court on complaint from The Florida Bar and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee found that Louis J. Weinstein (Weinstein) solicited business from a stranger, Mortilla, while Mortilla was hospitalized *262 after a motorcycle accident with a serious head injury. Weinstein untruthfully told the nurse on duty that he was Mortilla's lawyer. He untruthfully told Mortilla's brother that he had been sent by a police officer at the scene of the accident. He brought a retainer agreement and a medical release with him to Mortilla's hospital room and attempted to solicit the brain-damaged patient.
The referee also found that Weinstein mailed solicitation letters to the families of Dowe and Fluke that contained false statements, failed to contain required information, and were not filed with the Bar, and, more importantly, that he gave false or misleading testimony under oath regarding the representations made in the letters.
The referee found that Weinstein mailed solicitation letters to the Fakla and Seaman families that contained false statements and that the Fakla letter created unjustified expectations as well. The referee's findings of fact are supported by competent, substantial evidence and therefore are considered conclusive. The Fla. Bar v. Seldin, 526 So.2d 41, 43 (Fla. 1988).
The referee found that Weinstein violated numerous Rules Regulating The Florida Bar.[1] The referee considered Weinstein's long-standing history of kidney disease, his surgery, and his resulting financial difficulties in mitigation. The referee considered Weinstein's prior record of discipline in aggravation: a private reprimand in 1987 for failure promptly to notify a client of the receipt of funds, failure promptly to pay or deliver the funds to the client, and failure to keep adequate trust account records.
In the matter under consideration, the referee recommended a ninety-day suspension followed by automatic reinstatement, one hundred hours of community service to the victims of hurricane Andrew in Dade County, and post-suspension probation for one year along with completion of ten credits of continuing legal education in ethics. The Florida Bar asks that Weinstein be disbarred. We agree.
Weinstein lied under oath regarding the truth of the claims he made in his written solicitations to Dowe and Fluke. We moreover view Weinstein's in-person solicitation of a brain-injured patient in a hospital room, accompanied by lying to health-care personnel, as one of the more odious infractions that a lawyer can commit; his conduct brings his profession into disrepute and reduces it to a caricature. Disbarment is the appropriate sanction in the aggravated circumstances of this case. See The Fla. Bar v. Rightmyer, 616 So.2d 953, 955 (Fla. 1993) (false testimony in the judicial process deserves the harshest penalty); see also Fla.Stds. for Imposing Law.Sancs. §§ 6.11, 9.22(a)-(d), (f), (i).
Accordingly, Weinstein is disbarred. The disbarment shall be effective thirty days from the filing of this opinion so that he can close out his practice and protect the interests of existing clients. If he notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the disbarment effective immediately. He shall accept no new business from the date this opinion is filed. He is enjoined and prohibited from the practice of law in this state after that date. He shall comply with the "notice to clients" requirement of rule 3-5.1(g) of the Rules Regulating The Florida Bar. Judgment is entered *263 against him for costs in the amount of $2,741.72, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The referee found that Weinstein violated the following rules in count I: 3-4.3 (a lawyer shall not commit an act contrary to honesty and justice), 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct), and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee found that Weinstein violated the following rules in count II: 4-7.1 (a lawyer shall not make a false, misleading, deceptive, or unfair communication about services), 4-7.1(b) (a lawyer shall not make a communication likely to create an unjustified expectation about results), 4-7.3 (a lawyer who advertises shall provide required disclosure), 4-7.4(b) (a lawyer shall not send a written communication that contains a false, fraudulent, misleading, or deceptive statement or claim), 4-7.4(b) (a written communication to prospective clients for the purpose of obtaining employment shall be plainly marked "advertisement" and shall be filed with the Bar), 4-8.1(a) (a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter), and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).