PER CURIAM.
This matter is before the Court pursuant to a complaint by The Florida Bar against Louis Jeffrey Weinstein, and a subsequent recommendation from the referee. The parties have elected not to file briefs. We have jurisdiction under article V, section 15 of the Florida Constitution.
The Bar filed its complaint against Wein-stein in February 1993 alleging trust account violations. The alleged violations came to light during a compliance audit conducted by the Bar. A disciplinary hearing before a referee was held in August 1993.
In his report, the referee first found that Weinstein’s trust account contained a number of significant shortages over a five-month period which were caused by the intentional misappropriation of client monies by Wein-stein.[1] Next, the referee found that Wein-stein, on numerous occasions, failed to promptly remit funds from his trust account to his clients and to third parties without justifiable excuse.[2] Weinstein also engaged *22 in commingling,[3] and he failed to maintain the minimum required trust accounting records and failed to follow the minimum required trust accounting procedures.[4] Finally, the referee found Weinstein guilty of failing to deposit money being held for clients and third parties into an interest-bearing trust account.[5]
In aggravation, the referee found that Weinstein had a prior disciplinary offense.[6] Also, in the instant case, Weinstein displayed a pattern of misconduct and committed multiple offenses. Further, his motive was dishonest and selfish, he has refused to acknowledge the wrongful nature of the conduct, and he has been indifferent regarding restitution. Finally, during the.Bar’s investigation, Weinstein made false statements and used other deceptive practices. The referee found no mitigation, and he recommended that Weinstein be disbarred. While this matter was pending, this Court disbarred Weinstein for misconduct unrelated to that at issue here. The Florida Bar v. Weinstein, 624 So.2d 261 (Fla.1993).
This case involves numerous trust account violations. We have frequently stated that the misuse of client funds is one of the most serious offenses a lawyer can commit. The Florida Bar v. McIver, 606 So.2d 1159 (Fla.1992). Disbarment is presumed to be the appropriate mode of discipline where an attorney engages in the misappropriation of client funds. Id. at 1160. Weinstein does not contest the referee’s findings or recommended discipline. After reviewing the record, we find that the referee’s findings as to Weinstein’s misconduct are supported by the evidence. In light of the egregious nature of the conduct and the aggravating factors present, we agree with the referee that disbarment is appropriate.
Accordingly, we disbar Weinstein from the practice of law. Because Weinstein has previously been disbarred, he may not be considered for readmission for ten years from the date of this opinion. See Fla. Stds. Imposing Law. Sanes. 2.2. Judgment is entered against Weinstein for costs in the amount of $4,095.51, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. The referee recommended that Weinstein be found guilty of violating the following Rules Regulating The Florida Bar: Rules of Discipline 3-4.2 and 3-4.3 (commission of an act contrary to honesty or justice); Rules of Professional Conduct 4-1.15(b) (a lawyer shall promptly deliver funds to those persons who are entitled to receive them), 4-1.15(d) (a lawyer shall comply with the Rules Regulating Trust Accounts), 4-8.4(a), (b) (a lawyer shall not commit criminal acts), (c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and rule 5-1.1 of the Rules Regulating Trust Accounts (money entrusted for a specific purpose must only be used for that purpose).

. The referee recommended that Weinstein be found guilty of the following: Rules of Discipline 3-4.2 and 3-4.3; and Rules of Professional Conduct 4-1.15(b) and 4-8.4(a).

. The referee recommended that Weinstein be found guilty of the following: Rules of Discipline 3-4.2 and 3-4.3; and Rules of Professional Conduct 4 — 1.15(a) (commingling), 4-1.15(c) (legal fees shall be withdrawn from trust within a reasonable time after they become due), and 4-8.4(a).

. The referee recommended that Weinstein be found guilty of the following: Rule of Discipline 3-4.2; Rules of Professional Conduct 4-1.15(d) and 4-8.4(a); and Rules Regulating Trust Accounts 5-1.1(d) and 5-1.2 (a lawyer shall maintain the minimum records and shall follow the minimum procedures).

. The referee recommended that Weinstein be found guilty of the following: Rule of Discipline 3-4.2; Rules of Professional Conduct 4-1.15(d) and 4-8.4(a); and Rule Regulating Trust Accounts 5-1.1(e) (a lawyer shall deposit nominal or short term funds belonging to clients or third parties into an interest bearing trust account).

. Weinstein received a private reprimand in 1987 for failure to keep adequate trust account records and for failure to promptly remit funds to clients.