674 So.2d 127 (1996)
THE FLORIDA BAR, Complainant,
v.
Michael M. TOBIN, Respondent.
No. 84203.
Supreme Court of Florida.
May 23, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Pamela Pride-Chavies, Bar Counsel and Rhonda G. Lapin, Co-Bar Counsel, Miami, for Complainant.
H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for Respondent.
PER CURIAM.
Michael M. Tobin petitions for review of a Florida Bar disciplinary proceeding in which the referee recommended a forty-five-day suspension. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's recommendation.
The record reflects the following. Tobin represented Plane Adds, Inc., in an action against Avemco Insurance Company for the collection of insurance proceeds involving the crash of a Piper aircraft. After a final judgment was entered in the amount of $48,215 in favor of Plane Adds, Avemco deposited $48,215 into the court registry in satisfaction of the judgment. Pursuant to court order, $15,793 was withdrawn for legal fees. Subsequently, Andrew Sapiro, Tobin's associate, hand-delivered a motion to the court seeking the release of the remaining funds. Although a lienor was claiming an interest in the funds, Sapiro, in an ex parte proceeding represented to the court that the motion for the release of the remaining funds was unopposed. Based on these representations, the court released to Sapiro the $32,423 remaining in the court registry. Avemco was not notified regarding the release of the funds, and Avemco did not receive the proposed order releasing the funds until after the order was signed. At the time the funds were withdrawn, Tobin was aware that by law, he was required to serve proper notice of hearing upon the opposing party within a reasonable time before the hearing. Tobin was also aware that, pursuant to local rules, a proposed order was required to be furnished to opposing counsel prior to its submission to *128 the court. Tobin delivered the sum of $32,423 to James Phillips, the president of Plane Adds, even though he was aware that Avemco had scheduled an emergency meeting for the following day to recover the improperly withdrawn funds.
Upon a motion by Avemco, the court, on June 5, 1990, vacated its order granting the withdrawal of the remaining funds and ordered that Tobin and Plane Adds return the funds to the court registry within fourteen days. The court entered a subsequent order on July 16, 1990, requiring Tobin to return the $32,423 to the court registry, with twelve percent interest to be assessed against the funds until they were returned. After Tobin failed to return the improperly withdrawn funds to the court registry, Avemco filed a motion for an order to show cause against Tobin for contempt of court and a motion to enter sanctions against Tobin and Plane Adds. The court granted Avemco's motion for sanctions and, on December 20, 1990, ordered Tobin and Plane Adds to return the funds to the registry. On July 6, 1992 the court entered a final order directing Tobin to return the funds to the court registry.
Based on the above facts, the Bar filed this disciplinary action against Tobin and this Court referred the matter to a referee. On January 13, 1995, the referee executed an order, based on Tobin's failure to respond to the Bar's request for admissions served on November 2, 1994, deeming the above facts, as set forth in the request for admission, to be admitted. On January 19, 1995, seventy-eight days after service of the request for admissions, Tobin filed a response. Upon the Bar's motion to strike the respondent's response, the referee entered an order granting the Bar's motion to strike, determining that Tobin's failure to file a timely response was not the result of excusable neglect, but pure negligence or a dilatory tactic.
Upon these facts, the referee determined that Tobin was guilty of violating Rule Regulating The Florida Bar 4-3.3(d) for failing, in an ex parte proceeding, to inform the tribunal of all material facts known to him that would enable the tribunal to make an informed decision, and rule 4-3.4(c) for knowingly disobeying an obligation under the rules of the tribunal. However, the referee found Tobin not guilty of violating rule 4-1.5(c), concerning legal fees.
The referee recommended that Tobin be suspended from the practice of law for forty-five days with automatic reinstatement after completion of the suspension. In determining the proper punishment for Tobin's actions, the referee took into account Tobin's past disciplinary history,[1] as well as the fact that Tobin had been in the practice of law since 1953. The Florida Standards for Imposing Lawyer Sanctions identifies prior disciplinary offenses (9.22(a)) and substantial experience in the practice of law (9.22(i)) as aggravating factors.
Tobin challenges the referee's findings and recommended discipline. Tobin argues that no ex parte proceeding took place between his associate and Judge Price, as stated in the request for admissions and deemed admitted by the referee, and, therefore, that there was no opportunity for the claimed violation of rule 4-3.3(d) (failure to inform the court of all facts). However, Tobin lacks the ground to challenge such admission because he failed to file a timely response to the Bar's request for admissions. See Florida Bar v. Dubow, 636 So.2d 1287 (Fla.1994) (finding that referee acted within her discretion in deeming matters admitted where petitioner ignored the Bar's requests for admissions); Florida Bar v. Solomon, 589 So.2d 286 (Fla.1991). Moreover, in Florida Bar v. Daniel, 626 So.2d 178 (Fla.1993), this Court determined that "matters deemed admitted pursuant to Florida Rule of Civil Procedure 1.370(a) (requests for admissions) clearly serve as competent substantial evidence supporting the referee's findings." Thus, we find that competent, substantial evidence exists to support the referee's finding that Tobin violated rule 4-3.3(d) by failing in an ex parte proceeding to inform the *129 tribunal of all of the material facts that would enable the tribunal to make an informed decision. The court orders speak for themselves.
Tobin also contends that he did not violate rule 4-3.4(c) (knowingly disobeying an obligation under the rules of the tribunal). Tobin argues that he was not in possession of the funds and, as such, did not disobey the court's orders directing him to return the funds to the court registry. Furthermore, Tobin asserts that he did in fact return the funds pursuant to Judge Grossman's final order. Again, we reject Tobin's contention and find that competent, substantial evidence exists to support the referee's conclusion that Tobin was in violation of rule 4-3.4(c). Prior to delivering the funds to the president of Plane Adds, Tobin had knowledge that an emergency hearing was scheduled for the purpose of having the withdrawn funds returned to the court registry. Although Tobin was aware that the release of the funds was in dispute, he failed to maintain the funds in trust until the dispute over the property was resolved. Had he done so, he would have been able to comply with the judge's order to return the funds. Thus, Tobin's argument that he was not in possession of the funds is without merit. Moreover, Tobin completely ignored the court's numerous orders directing him to return the funds to the court registry and only returned the funds after being held in contempt. As such, the referee properly found that Tobin violated Rule 4-3.4(c).
Where the record supports the referee's findings of fact, we will not reweigh the evidence or substitute our judgment for that of the referee. Florida Bar v. Garland, 651 So.2d 1182, 1184 (Fla.1995). Having found competent substantial evidence to support the referee's findings and given Tobin's previous disciplinary history, we find the referee's recommendation of a forty-five day suspension to be appropriate. The recommended suspension is consistent with numerous cases of this Court. See Florida Bar v. Bloom, 632 So.2d 1016 (Fla.1994) (ordering a ninety-one day suspension for a series of refusals to carry out court orders); Florida Bar v. Snow, 436 So.2d 48 (Fla.1983) (ordering a six-month suspension where the respondent made false representations to the adverse party in order to obtain evidence); Florida Bar v. Oxner, 431 So.2d 983 (Fla. 1983) (granting a sixty-day suspension for lying to the judge).
Accordingly, Michael M. Tobin is hereby suspended for forty-five days. The suspension will be effective thirty days from the filing of this opinion so that Tobin can close out his practice and protect the interests of existing clients. If Tobin notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Tobin shall accept no new business from the date this opinion is published until the suspension is completed. Judgment is entered against Tobin for costs in the amount of $2,013.54, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Florida Bar v. Tobin, 377 So.2d 690 (Fla.1979) (public reprimand for violating Disciplinary Rules 9-102(B)(3)-(4) and 6-101(A)(3) of the Code of Professional Responsibility); Florida Bar v. Tobin, (No. 88-71,545 (Fla. Bar Bd. of Gov'rs Jul. 20, 1989)) (private reprimand for minor misconduct).