684 So.2d 810 (1996)
THE FLORIDA BAR, Petitioner,
v.
Scott Robert PORTER, Respondent.
No. 87300.
Supreme Court of Florida.
December 19, 1996.
*811 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee; and Kathi Lee Ferguson, Bar Counsel, Orlando, for Complainant.
Scott Robert Porter, Mount Dora, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Scott Robert Porter. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's findings of fact and recommended discipline.
Porter's client owned a mobile home which had a chattel mortgage in favor of another party for $16,561.29. Porter represented the client in the sale of the mobile home to a buyer, and on May 1, 1995, the buyer gave Porter a check payable to the client for $18,000. Porter was to hold the check in his trust account until the passing of clear title; *812 however, Porter never deposited the check in the trust account. When title passed several weeks later, Porter failed to forward the entire amount to the client but thereafter wrote a check on his trust account for $1,358.85 and misrepresented to the client that the mortgage had been paid. Several months later, on November 20, 1995, Porter remitted a check to the client from his trust account for the mortgage amount.
The Bar began investigating Porter based on suspicion that Porter was engaged in violations of the rules regulating trust accounts. When Porter failed to respond to several requests to produce trust account records and client files sent to his record Bar address by certified mail, the Bar filed a petition for emergency suspension. After the Bar was provided with information concerning Porter's trust accounts from the banks in which Porter's trust accounts were held,[1] this Court placed Porter on emergency suspension on December 14, 1995.
The Bar then filed a formal complaint against Porter and sent this complaint by certified mail to Porter's record Bar address on January 30, 1996. After three attempts to deliver this complaint to Porter, the post office sent the complaint back to the Bar on February 19, 1996. On February 22, 1996, Porter spoke with counsel from the Bar, who informed him that a complaint was coming in the mail. The Bar received the unclaimed complaint on February 27, 1996. Thereafter, the Bar sent Porter a notice of default by certified mail, and he again failed to retrieve the mailing. Based on these facts, the referee granted the Bar's motion for default and scheduled a hearing limited solely to the issue of appropriate sanctions for the misconduct. After a hearing which Porter attended, the referee found Porter guilty of violating the following Rules Regulating the Florida Bar: 3-4.3 (Misconduct and Minor Misconduct); 4-1.15(b) (failing to promptly deliver to the client any funds that the client is entitled to receive); 4-1.15(d) (complying with trust accounting rules); 4-8.4(a) (violating a rule of professional conduct); 5-1.1(a) (using trust money for other purposes); and 5-1.1(d) (maintaining minimum trust accounting records). The referee considered this misconduct and Porter's prior disciplinary history[2] and recommended that Porter be disbarred and that the Bar's costs incurred be assessed against him.
In this Court, Porter contends that the Bar failed to provide him with proper notice of the complaint and that this failure invalidated the proceedings against him.[3] Porter also contends that the referee erred in failing to consider any evidence in preparing his report. The Bar argues that it followed the rules regarding service of process and the referee properly deemed admitted the allegations in the complaint. The Bar also argues that disbarment is the appropriate sanction. We agree with the Bar.
We first address Porter's claim that he was not properly served with notice of the proceedings. The Rules Regulating the Florida Bar specifically set forth the proper procedures for effecting notice. See R. Regulating Fla. Bar 3-7.11(b), (c). Rule 3-7.11(b) provides in relevant part:
Mailing of registered or certified papers or notices prescribed in these rules to the last mailing address of an attorney as shown by the official records in the office of the executive director of The Florida Bar shall be sufficient notice and service unless this court shall direct otherwise.
Likewise, Rule 3-7.11(c) provides:
(c) Notice in Lieu of Process. Every member of The Florida Bar is within the jurisdiction of the Supreme Court of Florida and its agencies under these rules, and service of process is not required to obtain jurisdiction over respondents in disciplinary proceedings; but due process requires the giving of reasonable notice and such *813 shall be effective by the service of the complaint upon the respondent by mailing a copy thereof by registered or certified mail return receipt requested to the last-known address of the respondent according to the records of The Florida Bar or such later address as may be known to the person effecting the service.
(Emphasis added).
In this case, the Bar properly served Porter by mailing the complaint by certified mail to his last registered Bar address. See Florida Bar v. Daniel, 626 So.2d 178, 182 (Fla. 1993) (finding sending requests for admission in accordance with rule 3-7.11(b) and (c) was sufficient to effect proper service); Florida Bar v. Bergman, 517 So.2d 11, 12 (Fla.1987). Additionally, we note that Porter admits in his brief that he spoke to counsel from the Bar, who notified him on March 22, 1996, that a complaint was pending against him. Thereafter, the notice of default was sent to Porter's mailing address, and he failed to retrieve it. We cannot endorse Porter's knowing decision to ignore his mail. See Florida Bar v. Santiago, 521 So.2d 1111 (Fla.1988) (stating that we cannot countenance an attorney's conscious decision not to open his mail). Consequently, we find no merit to his first claim of error.
Turning to the substance of the report, a referee's findings of fact are presumed correct unless clearly lacking in evidentiary support. See Florida Bar v. Garland, 651 So.2d 1182, 1184 (Fla.1995). If the referee's findings are supported by competent, substantial evidence, then this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. See Florida Bar v. Charnock, 661 So.2d 1207 (Fla.1995). We find the referee's report to be supported by competent, substantial evidence.
In a disciplinary proceeding, the Florida Rules of Civil Procedure apply to the extent not inconsistent with the Rules Regulating the Florida Bar. See R. Regulating Fla. Bar 3-7.6(e). As such, Florida Rule of Civil Procedure 1.500(b) empowered the referee to enter a default against Porter, who failed to plead or defend the action.[4]See generally Florida Bar v. Tobin, 674 So.2d 127 (Fla.1996) (finding attorney could not challenge matters deemed admitted for failure to respond to request for admissions); Florida Bar v. Dubow, 636 So.2d 1287 (Fla. 1994) (same). By this default, the allegations in the Bar's complaint were deemed admitted, and the default thereby provided the referee with competent, substantial evidence upon which to base the findings. Cf. Tobin (finding that matters deemed admitted pursuant to a failure to respond to a request for admission was competent, substantial evidence supporting the referee's findings); Daniel. Porter is precluded from now complaining about any factual findings deemed admitted.
Next, we address the recommended discipline. In reviewing the referee's recommendation for discipline, our scope of review is somewhat broader than our review of the factual findings because ultimately we have the responsibility to order the appropriate sanction. See Charnock, 661 So.2d at 1210. The sanction resulting from a Bar disciplinary proceeding must serve three purposes: (1) the judgment must be fair to society; (2) the judgment must be fair to the attorney; and (3) the judgment must be severe enough to deter other attorneys from similar misconduct. Id.
Misuse of client funds is unquestionably one of the most serious offenses a lawyer can commit. See Florida Bar v. Knowles, 572 So.2d 1373, 1375 (Fla.1991). Disbarment is the appropriate sanction for this offense alone. See Florida Bar v. McIver, 606 So.2d 1159, 1160 (Fla.1992). Accordingly, given Porter's misuse of his trust account, his past disciplinary record, and the absence of mitigation, we approve the sanction disbarring Porter. We find that this sanction furthers the three goals of an attorney disciplinary proceeding.
*814 Accordingly, Scott Robert Porter is hereby disbarred effective nunc pro tunc December 14, 1995, the effective date of his suspension. Because Porter is already under suspension, we assume that notice to clients in accordance with Rule Regulating the Florida Bar 3-5.1(g) has already been accomplished. Judgment is entered for the Bar against Porter for costs in the amount of $1,056.24, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Porter had two trust accounts; however, only one account was relevant to these proceedings.
[2] The referee considered Porter's past disciplinary record, which included a prior public reprimand in 1991, probation in 1995, and an emergency suspension in 1995.
[3] We further reject Porter's contention that inaccuracies in the referee's report require a new disciplinary proceeding.
[4] Under this rule, the entry of default precludes a party from contesting the existence of the plaintiff's claim and liability thereon. See generally Robbins v. Thompson, 291 So.2d 225 (Fla. 4th DCA 1974). Thereafter, a party has the right to contest damages caused by the party's wrong but no other issue. Harless v. Kuhn, 403 So.2d 423 (Fla.1981).