PER CURIAM.
This disciplinary proceeding by The Florida Bar against Norman T. Mitchell, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.06 of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Rule 11.09(1), Integration Rule, has been filed.
The referee recommended a finding of guilt as to eleven of the twelve counts charged in the complaint. Specifically he found that in several cases Mitchell failed to file claims, make court appearances, or prosecute appeals on behalf of his clients. On most of these occasions he did not return monies advanced to him by his clients. Additionally, Mitchell apparently never maintained a trust account for his clients. The referee also found that Mitchell knowingly and willfully issued a check without sufficient funds to cover it.
Finding that Mitchell had violated eleven different provisions of the disciplinary rules one or more times, the referee recommended that Mitchell be disbarred from the practice of law. In recommending disbarment the referee commented:
My recommendation is based on the opinion that each of the separate offenses and complaints proven by the Bar, were it be [sic] an isolated incident, would perhaps justify only a public reprimand or suspension by the Supreme Court. But the totality and frequency of the different complaints evidence to me a reckless and wanton disregard by the respondent for the rights and needs of his clients without any mitigating or exculpatory circumstances.
A review of the record reflects sufficient evidence to support the referee’s recommendation that the respondent be found guilty of eleven instances of violating the Code of Professional Responsibility. Mitchell’s actions reveal a complete disregard of his responsibilities as a lawyer and as an officer of the court. The public has been seriously harmed by his unprofessional conduct. Having repeatedly failed to adhere to the responsibilities of an attorney without any known mitigating reasons, he should be disbarred.
The findings of the referee and his recommendations are adopted by this Court. Accordingly, Norman T. Mitchell is hereby disbarred from the practice of law. The disbarment shall be effective on July 21, 1980, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business.
Costs in the amount of $1,633.12 are assessed against him.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.