489 So.2d 30 (1986)
THE FLORIDA BAR, Complainant,
v.
Donald L. MURRAY, Respondent.
No. 67263.
Supreme Court of Florida.
June 5, 1986.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Diane Victor Kuenzel, Bar Counsel, Tampa, for complainant.
Donald L. Murray, Clearwater, in pro. per.
EHRLICH, Justice.
This disciplinary proceeding is before us on complaint of The Florida Bar and the uncontested report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The Bar filed a five count complaint to which the respondent failed to reply. It appears from the report of the referee that respondent has abandoned his practice of law and has moved outside the State of Florida. Evidence introduced in the proceedings before the referee indicates that respondent suffers from drug and alcohol problems. Respondent was given an opportunity by The Bar to seek help for these addictions, but failed to do so. In his report, the referee found respondent guilty of Counts I, II, III and V; the referee found respondent not guilty of Count IV.
The facts underlying Count I as found by the referee shows that respondent, while representing a criminal defendant, failed to follow through on a plea offer made by the state which would have placed respondent's client on probation. Due to respondent's failure, his client was convicted and sentenced as a habitual offender. This conviction was subsequently set aside once new counsel was retained. The referee concluded that respondent was guilty of violating Disciplinary Rule (DR) 7-101(A)(1) (failure to pursue or seek the lawful objectives of his client).
Count II involved respondent's representation of a client in two civil matters. In both of these cases, respondent simply failed to appear at hearings on behalf of his client. Subsequent to these hearings, the cases were dismissed and respondent failed to file any amended pleadings or *31 communicate with his client. The referee found that respondent had violated DR 7-101(A)(1) and DR 6-101(A)(3) (neglect of a legal matter).
Count III also involved respondent's representation of a client in a civil matter. After respondent filed the original complaint, a default judgment was entered in favor of his client. At a subsequent hearing, the default order was set aside. The client had attempted to be present at this hearing and was present at the hour designated by respondent, only to be informed by the respondent that the hearing was over. Several months later, a motion to dismiss was heard in the case. Respondent failed to contact his client and failed to appear at the hearing on his client's behalf. The motion was granted and respondent failed to file an amended complaint as granted by the order of dismissal. The referee found that this conduct, too, was a violation of DR 6-101(A)(3).
Count V reveals that respondent was hired to represent a married couple in an adoption proceeding. A portion of respondent's fee was paid in advance and respondent demanded the balance of the fee several months later, even though he had done nothing on his clients' case. Even though the clients paid the entire fee when demanded, respondent still had done nothing six months later, forcing his clients to secure other legal help. The referee found this conduct, too, was a violation of DR 6-101(A)(3). The referee recommended that respondent be disbarred from the practice of law for a minimum of five years, and that respondent bear the cost of the proceedings below.
We approve the referee's findings and recommendations. Accordingly, it is the judgment of this Court that respondent be disbarred from the practice of law in the State of Florida without leave to reapply for admission for a period of five years from the date hereof, effective immediately. Judgment for costs in the amount of $1,144.87 is entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, SHAW and BARKETT, JJ., concur.