PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee’s report finding attorney John A. Friedman guilty of professional misconduct and recommending disbarment. No petition challenging the report has been filed. We therefore proceed to consider the referee’s findings and recommendations pursuant to rule 3-7.6(c)(6) of the Rules Regulating The Florida Bar.
*987 The Florida Bar filed a five-count complaint against the respondent. One count alleged that respondent had simply ceased representing a client on a pending legal matter, without notifying the client and after accepting a fee paid in advance. Another count alleged that respondent had agreed to set aside money from a settlement he expected to receive on behalf of an injured client for the purpose of paying for medical services received by the client. The complaint alleged that respondent failed to set aside sufficient funds to make the payment from the settlement as agreed, thereby in effect converting trust funds to his own use. A further count of the complaint alleged that an audit had revealed that respondent had mishandled trust funds and failed to conform to acceptable trust accounting practices. Another count charged that respondent had failed to appear and provide records in response to a grievance committee’s subpoena duces te-cum. The remaining count of the complaint accused the respondent of the total abandonment of his practice, resulting in the wholesale neglect of active client files, including many clients involved in various stages of pending litigation. It was alleged that respondent had failed to provide notice of withdrawal from representation or arrange for substitute counsel to protect the clients’ interests. The five counts of the complaint charged that respondent had violated numerous provisions of the former Integration Rule of The Florida Bar and the Code of Professional Responsibility, including rules against improper trust fund handling and trust accounting practices, the failure to preserve and account for property held in trust, improper withdrawal from representation, neglect of legal matters and failure to carry out contracts of employment, dishonest or fraudulent conduct and conduct adversely reflecting on fitness to practice law as well as numerous other related disciplinary rules and provisions.
Having received notice of the Bar’s complaint, the accused attorney failed to respond to the complaint and to the Bar’s request for admissions. The respondent also failed to attend the hearing before the referee. The referee granted the Bar’s motion to deem factual matters admitted and based on the pleadings in the record adjudged the respondent guilty on all the counts of misconduct alleged in the complaint.
Regarding the question of discipline, the referee recommends as follows:
The undersigned recommends that Respondent be disbarred from the practice of law in this jurisdiction_ Respondent’s abandonment of his law practice evidenced a total disregard for the most fundamental obligations a lawyer owes to his clients. That act, in conjunction with the specific acts of neglect, fraud, misrepresentation, breach of fiduciary responsibility, conversion of funds and trust account violations set forth in The Florida Bar’s complaint, amply supports this disciplinary recommendation. Respondent has failed to come forward and offer any explanation for his conduct so it must be presumed that he knowingly and willfully engaged in the aforestated course of unethical conduct.
Costs of these proceedings should be taxed against Respondent in the amount of One Thousand One Hundred Dollars and Thirty Cents ($1,100.30), with execution to issue and with interest at a rate of twelve per cent (12%) to accrue on all costs not paid within thirty (30) days of entry of the Supreme Court’s Final Order in this cause, unless time for payment is extended by the Board of Governors of The Florida Bar. In addition, Respondent should be ordered to make restitution to Mary Ann Buntz in the amount of Five Hundred Eighty Six Dollars ($586.00) and to Charlotte Laager and/or Lane, Gelety, Woolsey & Cen-tróse, P.A., as their respective interests may appear at the time of restitution, in the amount of Three Thousand Dollars ($3,000.00).
We approve the referee's findings of fact and adopt the recommended discipline. Respondent John A. Friedman is disbarred, effective immediately. Costs are taxed against the respondent. Judgment is entered against John A. Friedman for costs in *988 the amount of $1,100.30, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.