530 So.2d 298 (1988)
THE FLORIDA BAR, Complainant,
v.
Benny A. SETIEN, Respondent.
No. 70460.
Supreme Court of Florida.
September 8, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Patricia S. Etkin, Bar Counsel, Miami, for complainant.
Henry J. Hunnefeld, Coconut Grove, for respondent.
PER CURIAM.
The Florida Bar charged attorney Benny Setien with nine counts of misconduct. A referee found him guilty of all nine counts and recommended he be disbarred. We have jurisdiction. Art. V, § 15, Fla. Const.; Rules Regulating Fla. Bar 3-3.1, 3-7.6.
The referee considered stipulated facts in making his recommendation. The first five counts involved similar factual situations in which respondent neglected clients' interests, was dilatory in pursuing their cases, and communicated with them seldom, if at all. Because the events took place from 1983-86, the complaint was predicated upon the former Code of Professional Responsibility.
Count I involved a case where Setien allowed a nearly $37,000 default judgment to be entered against his client. In Count II Setien took on a client in a personal-injury case, did not investigate the case in any meaningful fashion, did not communicate adequately with his client, and never filed suit. In Count III Setien took on a client in a civil case, conducted substantial activity in the case without informing the client, and never filed the claim. In Count IV Setien undertook a collection matter, did nothing more than to write one letter to the debtor in New Jersey, did not communicate with the client, and did not return the promissory note for more than two years. In Count V Setien took on a family's personal-injury case and after considerable investigation revealed that one insurance company denied coverage and another had gone into court-ordered liquidation, did *299 nothing in the case, and did not pass his file along to new counsel.
In all of these counts the referee found Setien guilty of violating Code of Professional Responsibility 6-101(A)(3), neglect of a legal matter entrusted to him.
Counts VI through VIII involved bad checks respondent wrote. In Count VI a check for $306.45 was given to the clerk of the circuit court in Miami and was dishonored because of insufficient funds. In Count VII respondent wrote a check for $580.97 to an automobile repair shop that had worked on his Porsche; likewise this check was dishonored because of insufficient funds. Respondent ultimately redeemed both checks, the second one after the grievance committee hearing in this case. Count VIII involved two checks written to Setien's landlord, for a total of $1,332.80. His account was closed at the time the checks were written. Setien has not redeemed these checks but maintains that since the landlord had received rent in advance for the first and last months of the lease there is no money due. He never gave notice that he was dishonoring the checks, however.
In each of these counts the referee found Setien guilty of violating Florida Code of Professional Responsibility 1-102(A)(4), engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, and 1-102(A)(6), engaging in conduct that adversely reflected on his fitness to practice law as well as Florida Bar Integration Rule 11.02(3)(a), an act contrary to honesty, justice, or good morals.
Count IX grew out of the circumstances discussed in Count VIII, as the landlord changed the locks on Setien's office doors. Six weeks later Setien retrieved the files from the office and moved them to his home. Though three of the clients in the above counts were still nominally represented by Setien, he failed to advise them that his address had changed. The referee found that this conduct violated Code of Professional Responsibility 2-110(A)(2), abandoning the practice of law, and 1-102(A)(6).
Setien concedes guilt in Count I but attacks the rest of the referee's findings on factual and procedural grounds. He also says the recommendation of disbarment is too harsh under the circumstances. As to the referee's findings of guilt, we note initially that such findings will be upheld unless they are clearly erroneous or lack evidentiary support. The Florida Bar v. Hooper, 507 So.2d 1078 (Fla. 1987). In this case our task is easier in that the referee was dealing with stipulated facts. The only question is whether these facts support the findings of guilt. We believe they do.
In Counts II, IV, and V respondent either did virtually nothing for his clients or did nothing after it became clear a settlement would not be forthcoming soon. In Count III respondent did considerable work but after drafting a complaint did not file it and took no action after that point. In no case did respondent keep his clients advised adequately as to the progress of their cases.
Counts VI through VIII are clear-cut: respondent wrote bad checks, one to the Clerk of the Circuit Court in Dade County. Ironically, despite the fact that his bank account was often overdrawn, he testified that in July of 1986, he purchased a Porsche automobile for $25,000. As to Count IX, it is undisputed that none of the clients who filed grievances in this case were informed that respondent was no longer at his previous address. Apparently, all respondent offered to rebut the allegation that he had wound up his law practice without notice was the assertion that during 1986 he had handled a forfeiture-of-a-vessel matter. The Bar refused to stipulate that this was fact. From the evidence before him the referee was justified in concluding that respondent had abandoned his practice without giving notice to clients.[*]
Setien also alleges that by denying his motion in limine, which was intended to *300 prevent Bar counsel from referring to certain misconduct not charged in the complaint, the referee let improper evidence into the record. First, it is settled that misconduct not charged may be considered as to discipline by the referee, The Florida Bar v. Stillman, 401 So.2d 1306 (Fla. 1981), so admitting these facts was not error. Second, there is a sound basis in the stipulated facts to support the referee's findings of guilt and no reason to believe the referee considered any of the uncharged incidents in determining guilt. Finally, the evidence most vehemently complained of  that respondent was hiding because he had been involved in the sale of arms to Nicaragua and one of his associates had recently been killed  was properly introduced to rebut respondent's contention that the abandonment of his practice was only due to cocaine abuse.
Next Setien argues that the referee ignored evidence in mitigation, which included the absence of a prior disciplinary record; his drug and alcohol dependency, from which he is said to be recovering; his distinguished service as a police officer before becoming a lawyer; and his alleged lack of a dishonest or selfish motive (his apparent dishonesty being explained as a symptom of cocaine addiction). Many of these allegations explain Setien's behavior, but they do not excuse it. This information was put before the referee, who either rejected it or did not consider it sufficient compared with the conduct involved. There is nothing in the record that the referee is required to consider in terms of mitigation, and we are unwilling to reweigh the evidence submitted.
Finally, Setien argues that disbarment is inappropriate, in that the clients in Counts II through V were not prejudiced by his actions (he took no fee from any of them and did not allow the statute of limitations to run on their claims), he has not been disciplined previously, and he has not been convicted of a crime. While any of those reasons could, in the proper case, justify disbarment, they are far from the only situations in which disbarment is the appropriate sanction. In its totality this case reveals Setien to have been a practitioner who repeatedly ignored his clients or was cavalier about their interests. He ultimately abandoned his practice without notice to them and disappeared. It is only providential that no meritorious claim was dismissed because the statute of limitations had run. Further, it appears that Setien also was dishonest in his business dealings with, among others, the circuit court and his landlord. We previously have held that where the "composite conduct" of a lawyer is "gross," disbarment is warranted. The Florida Bar v. Penrose, 413 So.2d 15 (Fla. 1982). This is such a case.
Accordingly, we approve the referee's report and the recommended discipline. Attorney Benny Setien is disbarred effective immediately and shall not be eligible for readmission until a period of five years has elapsed and then only upon full compliance with the rules and regulations governing admission to the Bar. The referee assessed costs against respondent of $5,668.81, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] In addition to the stipulated facts there was testimony at the hearing that Setien had told a business associate he was "hiding" during this time, that Setien had been out of reach of the Bar, that he had changed his address without notifying the Bar, and that he had not practiced law since March 1986, the date his landlord changed the locks on his office. A Florida Bar staff investigator and former FBI agent testified that during the period of October 1985 through December 1986 he was unable to locate respondent notwithstanding the expenditure of at least 100 investigative hours.