# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-CA-01095-SCT

*MICHAEL W. CROSBY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/25/1998 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 05/11/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/1/2000 |

**BEFORE PRATHER, C.J., MILLS AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. Attorney Michael W. Crosby was sanctioned by the Harrison County Circuit Court, First Judicial District, for causing a mistrial in a criminal case in which he represented the defendant. Crosby was ordered to pay $750 ($25 per juror for thirty jurors) when the trial judge declared a mistrial "because of remarks made by [Crosby] during voir dire." Crosby's Motion to Set Aside Erroneous Award of Sanctions was denied, and he filed a timely notice of appeal to this Court.

¶2. Finding that the trial judge did not abuse his discretion in sanctioning counsel, we affirm.

## STATEMENT OF THE FACTS

¶3. On January 23, 1998, Michael W. Crosby filed a notice of appearance as substitute counsel for defendant Larry Lee Clark, an habitual criminal. His notice indicated agreement to a new trial date one month later. Two days prior to trial, Crosby, a sole practitioner, moved for a continuance stating that he had only been counsel for one month, and listing 18 other criminal trials (most felonies) in which he was defense counsel, that were set for trial during that one month. Crosby also pointed out that, although he needed a continuance in the present case, he was ready to proceed on several other criminal cases set in the same court. The continuance was denied, as was his subsequent motion *ore tenus* for continuance on the day of trial, and Crosby was required to proceed to trial as scheduled.

¶4. Near the opening of his voir dire of the jury, Crosby said "my client has a mental illness. Is there

anybody here who feels like the mere fact that my client has a mental illness, schizophrenia...." at which point the prosecutor interrupted with an objection. The court sustained the objection, ordered it stricken and disregarded, and upon the judge asking the prosecutor if that was the only motion he had, a bench conference was held. The judge then declared the mistrial. The judge stated that an improper burden of proof was placed on the State when counsel "[threw] out to a jury panel that [the defendant] is suffering from schizophrenia" although there were no witnesses listed "that would be giving expert opinions as to the man's psychiatric problems." Crosby was allowed to state for the record that he intended for his client to testify to his mental illness and thus to show that his mental illness caused him to react in a way that a person would not normally act, such as running from the police even though he had no reason to run. Crosby further stated that because this was an essential part of his defense, it was necessary to voir dire the jury "because I don't want them to hold it against him because of his mental problems and mental illness."

¶5. Subsequently, defendant Clark pled guilty, with Crosby still as his attorney, and the trial court heard further argument from Crosby regarding the sanctions imposed upon him. Soon thereafter the trial judge entered an order denying Crosby's motion to set aside the sanctions. This appeal ensued, in which Crosby raised only one issue:

### I. DID THE TRIAL JUDGE ERR BY DECLARING A MISTRIAL AND SANCTIONING DEFENSE COUNSEL FOR ASKING A QUESTION REGARDING MENTAL ILLNESS DURING VOIR DIRE

### STANDARD OF REVIEW

¶6. The decision to declare a mistrial is within the sound discretion of the trial judge. *Evans v. State*, 725 So.2d 613, 649 (Miss. 1998); *Brent v. State*, 632 So. 2d 936, 941 (Miss. 1994). It is in the trial judge's sound discretion to determine the necessity of declaring a mistrial, and upon any appeal, the judge's reasons as stated for the record will be accorded the greatest weight and respect by an appellate court. *Jones v. State*, 398 So.2d 1312, 1319 (Miss. 1981). Voir dire is conducted under the supervision of the trial court, and a great deal must, of necessity, be left to its sound discretion. *Crawford v. State*, 716 So. 2d 1028, 1041 (Miss. 1998).

¶7. To determine whether the trial judge abused his discretion in the present case, we must scrutinize the events which led to the declaration of mistrial. Crosby's motion *ore tenus* for a continuance on the day of trial, was made due to his receipt of new information revealing that his client had been diagnosed with schizophrenia several years earlier, near the time of his arrest, and that he suffered from audio and visual hallucinations. In his argument for a continuance, Crosby cited Rule 9.06 of the Uniform Rules of Circuit and County Court Practice, and indicated there might be reasonable grounds to believe that the defendant was incompetent to stand trial, and that a mental examination was needed in order to further develop his defense. Crosby provided the court with the medical assessments that had been performed on his client at the approximate time of his arrest. The only other evidence Crosby submitted concerning Clark's mental condition was an oral declaration that officials in the jail's medical unit were administering anti-psychotic medications to Clark. The judge declared that he did not want to put something in the record just on a statement, but he did allow Crosby to submit the medical assessment as an exhibit to his motion for continuance. The State responded that it had not been shown the medical assessment until that moment, the day of the trial, and pointed out that Crosby had made no motion for a psychological evaluation. The judge, clearly responding pursuant to Rule 9.06, ruled that "[j]ust the mere fact that he has been diagnosed in the

past with suffering from some form of psychiatric problem by someone that I don't even know what their credentials are, that being in 1995, does not lead me to believe at this time or give me any reason to believe that he is not competent to stand trial."

¶8. Crosby also reiterated his argument from his earlier motion for continuance, citing his crowded trial schedule which had prevented his having time to properly prepare, thus his lateness in obtaining this new information, and explained to the court that he was ready to proceed on several other criminal cases assigned to that court. He pointed out to the court that the prosecutor had selected this newer case as "first up", even though no motion for speedy trial had been filed, and even though more time was needed to prepare. Acknowledging Crosby's heavy case docket, the trial judge nevertheless again denied Crosby's motion for continuance, and the trial proceeded.

## ANALYSIS

¶9. "Our law allows an attorney for either side to probe the prejudices of the prospective jurors to the end that all will understand the jurors' thoughts on matters directly related to the issues to be tried." *West v. State*, 553 So. 2d 8, 22 (Miss. 1989). Accord, *Evans v. State*, 725 So. 2d at 650. In the present case, Crosby explained to the trial court that his defense strategy was based on his client's mental illness and its effect on his actions, stating "it is an essential part of our defense." The trial judge responded that "[t]here have been no listings, to my knowledge, of any witnesses on a professional basis that would be giving expert opinions as to the man's psychiatric problems."

¶10. Crosby cites *Russell v. State*, 729 So.2d 781 (Miss. 1997), as authority for a witness to testify about their own personal physical condition. But *Russell* is distinguishable from the present case in that the insanity defense was one of Russell's defense theories, while in the present case the insanity defense was not offered by defense counsel. In fact, Crosby specifically stated that "Clark was NOT relying upon the insanity defense...it was never Clark's contention that he was unable to distinguish between right and wrong at the time of the crime." (emphasis in original).

¶11. Crosby simply wanted to have the jury consider his theory that mental illness caused the defendant to act as he did. The defendant intended to testify concerning his problems, and Crosby felt he had to voir dire the jury "because I don't want them to hold it against him because of his mental problems and mental illness."

¶12. The record clearly indicates a lack of communication and understanding. Crosby himself mentioned UCCCR 9.06 (the competence to stand trial rule) in his *ore tenus* motion for continuance at the beginning of the trial, and thus began his walk down the path which eventually ended with sanctions. The trial judge, responding to the citation of Rule 9.06, found no reason to believe that the defendant was not competent to stand trial. At that point Crosby did not pursue clarification of his position.[1] When Crosby mentioned mental illness during voir dire, the trial judge declared the mistrial.

¶13. U.R.C.C.C. 3.13 provides the court with authority to assess an attorney costs, including fees and mileage of jurors, for failure of an attorney to try the case. Although he did not specifically cite this provision, the trial judge made it clear that he felt Crosby should pay the fees, because he deliberately set out to delay the trial after his motions for continuance had been denied. The judge stated that "it certainly appeared to me that it [Crosby's remark about mental illness] was an attempt to get exactly what you got, and that was a mistrial."

¶14. In the case sub judice, the trial judge, in his discretion, determined that Crosby had crossed the line between proper and improper conduct. We find that the trial judge did not abuse his discretion in granting a mistrial nor in assessing the cost of the jurors' pay for the day of jury duty. Under the particular facts of this case, the judge certainly could have chosen other options available to him, but he was in the best position to discern the improper conduct which has occurred, the circumstances under which it occurred, and the most suitable sanction. We do not find an abuse of discretion in his ruling, even though we might have ruled otherwise. We therefore conclude that Crosby is not entitled to the relief which he seeks.

## CONCLUSION

¶15. The award of sanctions imposed on Attorney Michael W. Crosby in the Harrison County Circuit Court, First Judicial District, for causing a mistrial in the case of State of Mississippi v. Larry Lee Clark is affirmed.

¶16. **AFFIRMED.**

**PRATHER, C.J., SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., McRAE AND DIAZ, JJ.**

BANKS, PRESIDING JUSTICE, DISSENTING:

¶17. Because I disagree that Crosby's statements warrant a mistrial, and, consequently, the level of sanctions imposed, I respectfully dissent.

¶18. The trial court gave as its reason for declaring a mistrial that, in its view, following the statement by defense counsel, the State would be called upon to show that the defendant was competent to stand trial. The fact is that the trial jury would not have had that decision to make, even if the statement had not been objected to, the objection sustained, and the jury told to disregard it. Competence to stand trial is not a trial jury issue. *Addkison v. State*, 608 So.2d 304, 311 (Miss. 1992). It is a preliminary issue to be determined by the court. *Id*.

¶19. Nor would the jury have had any other opportunity to be confused. Insanity was not pled as a defense. It follows that no instruction would have been given allowing the jury to take schizophrenia into account in that regard. Crosby asserts that his sole purpose for bringing up the issue of the defendant's mental condition was to explain the flight evidence that the prosecution intended to adduce and to explain the defendant's demeanor at trial. He argues that, while he was denied expert testimony on the issue, he would have had the defendant himself to describe his condition, including the medication that he was taking.

¶20. That plan is somewhat dubious from an evidentiary standpoint but not so preposterous as to be rejected out-of-hand. While a witness is competent to testify to his own pain and suffering to describe his physical injury, he is incompetent to testify regarding his own medical prognosis and treatment. *Graves v. Graves*, 531 So.2d 817, 822 (Miss. 1988). It is doubtful, then, that the defendant would have been able to verify a diagnosis of schizophrenia without violating hearsay and competency principles. He may, however, have been able to describe hallucinations that he had experienced and state that he was taking medications

for his complaints concerning hallucinations. He may also have been able to describe the physical effect that the medication had upon him.

¶21. That said, it remains clear that the trial court is in a better position to determine whether a lawyer is intentionally seeking a mistrial as opposed to simply making an error in anticipating an evidentiary ruling. If the trial court determined that Crosby intended to obtain a mistrial, then a sanction by the court is appropriate. Nothing in this record suggests, however, that counsel's reference to schizophrenia warranted a mistrial. Indeed, the State did not move for a mistrial until invited to do so by the trial judge. It is standard practice to admonish the jury, both before opening statements and at the time of jury instructions, that arguments and statements of counsel are not evidence and are not to be regarded as such. Juries are also instructed to disregard any question or evidence which is excluded by the court or which the court does not require to be answered. When the jury is properly instructed that statements made by counsel are not evidence, reversal for improper statements is not required for we presume, in all but egregious circumstances potentially denying a defendant a fair trial, that the jury has followed the instructions of the court. *Burns v. State*, 729 So.2d 203, 228 (Miss. 1998). *See also **Ormond v. State***, 599 So.2d 951, 961 (Miss.1992).

¶22. In this case, the statement made by counsel was objected to, the objection was sustained, and the jury was specifically admonished to disregard the statement. In my view, it strains credulity to suggest that a jury, in the absence of an instruction allowing it to consider the issue, could be confused about whether the defendant was competent to stand trial or any other issue relevant to its fact finding task of deciding whether the defendant committed the crime.

¶23. The judge is provided considerable discretion to determine whether the remark is so prejudicial that a mistrial should be declared. Where "serious and irreparable damage" has not resulted, the judge should "admonish the jury then and there to disregard the impropriety." *Hoops v. State*, 681 So.2d 521, 528 (Miss. 1996); *Roundtree v. State*, 568 So.2d 1173, 1178 (Miss.1990). The mere mentioning that the defendant suffers from schizophrenia does not put any extra burden on the State and surely did no "serious" or "irreparable" damage to the process.

¶24. I see little justification for more than a simple admonition on this record. Admittedly, however, the trial judge is in a better position to judge counsel's intent. Whatever that intent, however, Crosby's action did not progress to the point where a mistrial was necessary in my view. It follows that the imposition of sanctions based upon having deliberately caused a mistrial was unwarranted.

**PITTMAN, P.J., McRAE AND DIAZ, JJ., JOIN THIS OPINION.**

1. Had Crosby reminded the trial judge, at this point, that he was not arguing that his client was incompetent to stand trial, and either entered a motion or otherwise sought clarification of whether this ruling would preclude or limit his voir dire of the jurors regarding their views about mental illness, the mistrial might not have occurred. When the judge denied the continuance, it is plausible that both the court and the State considered any use of the mental illness information would be improper. Crosby obviously believed that even though he had not been granted the continuance he sought, he could refer to his client's mental condition based on the facts he had presented during the motion hearing. At the time the mistrial was declared, there apparently was no meeting of the minds.