752 So.2d 540 (1999)
THE FLORIDA BAR, Complainant,
v.
Paula EUBANKS, Ronald Eubanks a/k/a Ron Eubanks, d/b/a Able Legal Document Service and Lawyer Complaint Service, Respondents.
No. 91,084.
Supreme Court of Florida.
June 24, 1999.
Rehearing Denied October 28, 1999.
*541 John F. Harkness, Jr., Executive Director, Mary Ellen Bateman, Unlicensed Practice of Law Counsel, and Amanda P. Wall, Branch UPL Counsel, Tallahassee, Florida, and John A. Yanchunis, Special Bar Counsel, of James, Hoyer, Newcomer, Forizs & Smiljanich, P.A., St. Petersburg, Florida, for Complainant.
Paula Eubanks and Ronald C. Eubanks, Fort Walton Beach, Florida, pro se.
PER CURIAM.
We have for review the referee's report regarding the unlicensed practice of law by respondents, Paula Eubanks, Ronald Eubanks a/k/a Ron Eubanks, d/b/a Able Legal Document Service and Lawyer Complaint Service. The report was issued after the referee entered a default against respondents for their failure to participate in the proceedings. We have jurisdiction. Art. V, § 15, Fla. Const.
On July 25, 1997, The Florida Bar filed a petition against respondents alleging that they had engaged in the unlicensed practice of law. The petition first alleged that respondents advertised their services under the heading of "Attorney Service Bureau" in the Yellow Pages and that the advertisement stated that they "[c]orrectly prepared documents for divorce, bankruptcy, wills, incorporation, name changes, adoptions, self-help books and more." The petition also alleged that respondents gave legal advice regarding bankruptcy proceedings to Elizabeth Case Simpson and Karen Watkins and prepared voluntary petitions for bankruptcy along with related schedules, forms, and other documents on Simpson's and Watkins' behalf. Respondents also were alleged to have given legal advice concerning various ramifications of *542 filing bankruptcy to Martin Eads, an investigator for the Bar. The Bar's petition further alleged that respondents gave legal advice to and essentially represented Alberta Bahe Jones in a dissolution of marriage action and engaged in ex parte communications with the presiding judge in the dissolution action, resulting in the judge being forced to recuse himself from the case. Finally, the petition alleged that respondents gave legal advice to Elay Minnie Gray regarding the adoption of her son by her parents, prepared various documents in relation to that proceeding on Ms. Gray's behalf, and improperly advised Ms. Gray and her parents how to halt the adoption proceedings. As a result of the improper advice, the proceedings continued, the child was adopted, the birth father demanded repayment of child support paid to Ms. Gray, and Ms. Gray faced the possibility of charges of welfare fraud.
The case was assigned to a referee, and soon afterward, the referee issued an order and notice of hearing setting a pretrial status conference for March 11, 1998. The order stated that all parties had been given the option to appear personally or via telephone and noted that respondent Ron Eubanks had stated he would appear personally and had objected to counsel for the Bar appearing by telephone. Thus, the referee ordered respondents to show good cause, within ten days, why the court should not allow the parties to appear via telephone. Respondents did not timely respond to this order to show cause, but on February 26, 1998, they filed a document raising objections to the date and venue of the status conference, as well as to the appearance of Bar counsel by telephone. Specifically, the respondents asserted that under rule 3-7.6 of the Rules Regulating The Florida Bar, the proper venue for the proceedings was Okaloosa County, that a telephonic hearing in an improper venue denied respondents and "other local interested public members access to the Prosecutor's person," and that respondent Ron Eubanks could not personally attend the status conference due to conflicts with his business schedule.
Counsel for the Bar attended the status conference in person, but the respondents did not attend. Instead, on the day of the conference, they faxed to the referee and Bar counsel a "Notice of Filing" attached to which was a letter stating, "My wife and I respectfully decline participation in The Florida Bar's political prosecution/persecution in which we are targeted." Following the conference, the referee entered an Order to Show Cause why a default should not be entered against respondents for their failure to attend. The response to the Order to Show Cause simply referenced two letters respondents previously had sent to the referee and their previously filed objection to the status conference. Neither of the referenced letters presented an excuse as to why respondents did not appear, but rather objected to the proceedings as a whole and to the referee. As noted above, the objection to the status conference complained about the date and venue of the conference and objected to the appearance of Bar counsel by telephone.
The Bar filed a motion for default against respondents on April 13, 1998, asking that the referee strike respondents' answer and affirmative defenses and enter a default for their failure to attend the status conference. On June 30, 1998, the motion for default was granted,[1] and after the Bar filed a motion for default judgment and accompanying support, the referee issued his report. The report found that the allegations of the Bar's petition were deemed admitted by virtue of the default and recommended that respondents be found to have engaged in the unlicensed practice of law and that an injunction be entered against them.
*543 Respondents have filed objections to the referee's report essentially arguing that a default should not have been entered against them and that the referee's report is not supported by competent substantial evidence.[2] We disagree and approve the referee's report.
First, we find that the referee did not abuse his discretion in entering a default against respondents. Florida Rule of Civil Procedure 1.200(c) permits the court to impose sanctions for failing to attend a status conference. It is well established that sanctions under this rule can include striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction "should be used `sparingly and reserved to those instances where the conduct is flagrant, willful or persistent.'" Drakeford v. Barnett Bank, 694 So.2d 822, 824 (Fla. 2d DCA 1997)(quoting Kelley v. Schmidt, 613 So.2d 918, 919 (Fla. 5th DCA 1993)); see also Arango v. Alvarez, 585 So.2d 1131, 1132-33 (Fla. 3d DCA 1991)(striking pleadings of pro se defendants and entering default against them where failure to appear at calendar call was willful and intentional and they had established a pattern of disobeying or ignoring court orders).
Here, the referee specifically found that it was respondents' intent not to participate in the proceedings and attached to his report several of respondents' letters and other pleadings as evidence of their "intent not to participate, but rather only write letters and file pleadings that were non-responsive with some being frivolous in nature." Moreover, the facts here clearly show that respondents' failure to attend the status conference was willful and deliberate. The first line of the letter respondents faxed to the referee on the day of the conference clearly states: "My wife and I respectfully decline participation in The Florida Bar's political prosecution/persecution in which we are targeted." Certainly, this letter shows that their non-participation was a willful and deliberate act. Although they may have had a legitimate claim that the proceedings before the referee were being held in an improper venue[3] and had previously informed the referee that respondent Ron Eubanks could not personally attend the status conference because of business out of state, the letter, sent on the day of the status conference, does not mention these issues.
Further, respondents' objection to venue does not show that their failure to attend was the result of excusable neglect; rather, it supports a finding that it was deliberate and willful. Likewise, the fact that Ron Eubanks had informed the referee he would be out of state on business does not show his failure to attend was negligent. Notably, respondents do not now contend that either of them actually was out of state on the date of the conference, and their letter declining participation appears to have been faxed on the day of the conference from their business office in Fort Walton Beach. Even if one or both *544 of them were out of state, they could have attended the conference by telephone. Accordingly, because it is clear that respondents willfully and intentionally failed to attend the status conference and instead clearly expressed their intention not to participate in the proceedings, we find that the referee did not abuse his discretion in striking their answer and entering a default against them.[4]
Next, we find that the referee's findings were supported by competent substantial evidence. Because respondents' answer was properly stricken and the default against them was properly entered, the allegations of the Bar's petition were deemed admitted. In addition, respondents failed to respond to the Bar's requests for admissions, and thus the allegations therein were also properly deemed admitted. See Fla. R. Civ. P. 1.370(a).[5] The admitted allegations of the Bar's petition and requests for admissions provided the referee with competent substantial evidence upon which to base his findings, and respondents cannot now complain or attempt to attack those findings as unsupported. See Florida Bar v. Porter, 684 So.2d 810, 813 (Fla.1996)(holding that attorney against whom default had properly been entered was precluded from challenging referee's factual findings); Florida Bar v. Tobin, 674 So.2d 127 (Fla.1996)(finding that attorney could not challenge matters deemed admitted for failure to respond to request for admissions, and that such admissions constituted competent substantial evidence supporting the referee's findings). Accordingly, we approve the referee's factual findings.
We also approve the referee's conclusions and recommendations. We agree with the referee that respondents have engaged in the unlicensed practice of law and hereby specifically enjoin them from engaging in the following activities: (1) holding themselves out to the public in such a manner that the public places some reliance on them to properly prepare legal forms or other legal documents; (2) advising individuals as to various legal remedies available to them and possible courses of action; (3) making inquiries and answering questions as to the particular forms that might be necessary, how to best fill out such forms, and how to present necessary evidence at any court hearing regarding such forms; (4) engaging in personal legal assistance; (5) having direct contact in the nature of consultation, explanation, recommendations, advice, and assistance in the provision, selection and completion of pre-printed legal forms or other legal documents; (6) suggesting, directing, or participating in the accumulation of evidence to be submitted with the completed forms; (7) giving advice and making decisions on behalf of others that require legal skill and a knowledge of the law greater than that possessed by the average citizen; (8) preparing pleadings and any other legal documents for others; (9) completing forms or assisting in the completion of forms that are not simplified forms approved by this Court, except as allowed by Chapter 10, Rules Regulating The Florida Bar; (10) explaining legal remedies and options to individuals that affect their procedural and substantive legal rights, duties, and privileges; (11) construing and interpreting the legal effect of Florida law and statutes for others; (12) giving legal advice to individuals *545 or groups concerning the application, preparation, advisability, or quality of any legal instrument or document or forms thereof in connection with dissolution of marriage, alimony and modification thereof, child support and modification thereof, adoption, bankruptcy, or any other legal proceeding or procedure; (13) advertising that Ronald C. Eubanks or Paula Eubanks or any of their businesses, agents, or employees will give legal advice or perform legal services; (14) appearing in any Florida court, directly or indirectly, as a spokesperson or representative for litigants in any court proceeding; (15) otherwise, directly or indirectly through other persons or entities, engaging in the practice of law in the State of Florida until such time as respondents are duly licensed to practice law in this state. Judgment for costs is entered in favor of The Florida Bar and against respondents in the amount of $2,101.67, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The referee's report states that respondents' answers and affirmative defenses were struck and the default was entered against respondents for "their failure to respond to Requests for Admission and as well participate in a Status Conference."
[2] Respondents' original objections to the referee's report were filed on January 13, 1999. Respondents then served amended objections, which included a request for oral argument, on February 1, 1999. The Bar responded to the original objections February 4, 1999, and filed a motion to strike the amended objections on February 11, 1998. On February 23, 1999, respondents filed a response to the motion to strike and also filed an Amended Motion for Oral Argument. Through this opinion, we grant the Bar's motion to strike the amended objections and also deny respondents' amended request for oral argument.
[3] The conference was to be held in Pensacola, which is in Escambia County. Rule 10-7.1(c)(1) states that proceedings before a referee in UPL cases "shall be held in the county where the respondent resides or where the alleged offense was committed, whichever shall be designated by the court." Respondents reside in Okaloosa County and the Bar's petition alleges that "Respondents ... engaged in the unlicensed practice of law in Okaloosa County."
[4] The respondents also argue that the referee erred in failing to hear and consider their motion to set aside the default before he issued his report and recommendation. The referee's report, however, specifically discusses and reaffirms the default; therefore, we view the report as a denial of the motion to set aside the default and find no error.
[5] We reject respondents' argument that they were entitled to ignore the requests for admissions due to their Fifth Amendment and husband-wife privileges. If claiming such a privilege, they should have asserted it in a response to the requests for admissions or later moved to withdraw the admissions on that basis. Because they did not, the matters contained in the requests for admissions were properly deemed admitted.