892 So.2d 1002 (2004)
THE FLORIDA BAR, Complainant,
v.
Marjorie Hollman SHOUREAS, Respondent.
No. SC03-293.
Supreme Court of Florida.
August 19, 2004.
*1003 John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Staff Counsel, Tallahassee, FL, and Adria E. Quintela, Bar Counsel, Fort Lauderdale, FL, for Complainant.
Kevin P. Tynan of Richardson and Tynan, P.L.C., Tamarac, FL, for Respondent.
PER CURIAM.
We have for review a referee's report regarding alleged ethical breaches by attorney Marjorie Hollman Shoureas. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's findings of fact and recommendations as to guilt with the exceptions noted herein. For the reasons explained below, we decline to approve the recommended discipline of disbarment and instead suspend Shoureas for a period of three years.

I. FACTS
The following facts are based on the factual findings in the referee's report. This proceeding involves alleged disciplinary violations arising from two client matters. In the first matter, Felipe Mantorval hired Shoureas to represent him in a personal injury claim against Publix Supermarkets. Shoureas accepted representation, collected a fee, and then took little or no significant action in the case. No suit ever was filed against Publix. Mantorval made numerous attempts to contact Shoureas, but Shoureas never returned the calls and Mantorval was unable to determine the status of his case. Further, Mantorval owed certain monies to Pilot Finance and he authorized Shoureas to pay Pilot Finance those monies out of any settlement he received from Publix. Shoureas, however, did not return Pilot Finance's inquiries. Pilot Finance filed a complaint with The Florida Bar and Shoureas failed to respond to the Bar's communications. Subsequently, Mantorval himself filed a complaint with the Bar and Shoureas again failed to respond to the Bar's letters.
In the second matter, Sylvia Herrera hired Shoureas to represent her in a dissolution of marriage proceeding. Shoureas accepted representation, collected a fee, and then took little or no significant action in the case. Herrera made numerous attempts to contact Shoureas but Shoureas never returned the calls and Herrera was unable to determine the status of her case. Herrera filed a complaint with the Bar and Shoureas failed to respond to the Bar's letters.
The Bar filed a seven-count complaint against Shoureas (four counts arising from the first client matter, three counts arising from the second matter), and she failed to respond. The referee granted the Bar's motion for default, entered a default against Shoureas regarding the charges made in the complaint, and scheduled a hearing for the purpose of determining sanctions. Shoureas did not attend the hearing and the Bar presented no evidence. Based solely on the pleadings and other documents filed in the case, the referee filed a report and recommended that Shoureas be found guilty of violating various provisions of the Rules Regulating the Florida Bar[1] and recommended that she *1004 be disbarred.[2]
Shoureas has petitioned for review, contending *1005 that disbarment is reserved for cases of gross misconduct where there is no hope for reformation or rehabilitation of the accused lawyer. She claims that such is not the case here. She further claims that the referee's recommended discipline fails to comport with the applicable standards governing the imposition of lawyer discipline.

II. ANALYSIS

A. Factual Findings and Recommendations as to Guilt

This Court's standard of review for evaluating a referee's findings of fact and recommendations as to guilt is as follows:
This Court's review of such matters is limited, and if a referee's findings of fact and conclusions concerning guilt are supported by competent, substantial evidence in the record, this Court will not reweigh the evidence and substitute its judgment for that of the referee.
Florida Bar v. Rose, 823 So.2d 727, 729 (Fla.2002).
Because Shoureas did not contest the factual allegations in the Bar's complaint, the referee entered a default against her and that default now stands as a formal stipulation by Shoureas as to the correctness of the factual allegations contained in the complaint.[3] To the extent the referee's findings of fact and recommendations as to guilt are reasonably supported by the factual allegations in the complaint, the default constitutes competent, substantial evidence supporting the referee's factual findings and recommendations as to guilt.[4]
Our review of the present record shows that the referee's factual findings and recommendations as to guilt are supported by competent, substantial evidence. Accordingly, we approve the findings of fact and recommendations that Shoureas violated the following Rules Regulating the Florida Bar: as to the case involving Mantorval: rules 4-1.1, 4-1.3, 4-1.4(a), 4-1.4(b), and 4-4.8(g); and as to the case involving Herrera: rules 4-1.3, 4-1.4(a), 4-1.4(b), and 4-8.4(g).

B. Recommended Discipline

When reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction.[5] In determining the proper sanction, the Court will take into consideration the three purposes of lawyer discipline:
First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
Florida Bar v. Bailey, 803 So.2d 683, 694-95 (Fla.2001) (quoting Florida Bar v. Brake, 767 So.2d 1163, 1169 (Fla.2000)).[6]
As a general rule, the Court will not second-guess a referee's recommended *1006 discipline as long as it (1) is authorized under the Florida Standards for Imposing Lawyer Sanctions and (2) has a reasonable basis in existing case law.[7] However, this Court has also explained the limited role that disbarment plays in the disciplinary process:
[D]isbarment is the extreme measure of discipline and should be resorted to only in cases where the lawyer demonstrates an attitude or course of conduct wholly inconsistent with approved professional standards. It must be clear that he is one who should never be at the bar.... A removal from the bar should therefore never be decreed where any punishment less severe, such as reprimand, temporary suspension or fine would accomplish the end desired.
Florida Bar v. Thomson, 271 So.2d 758, 761 (Fla.1972) (quoting State ex rel. Florida Bar v. Murrell, 74 So.2d 221, 223 (Fla.1954)); see also Florida Bar v. Simring, 612 So.2d 561, 571 (Fla.1993) ("[D]isbarment is the extreme measure of discipline and should be resorted to only in cases where the lawyer demonstrates an attitude or course of conduct wholly inconsistent with approved professional standards.") (quoting Florida Bar v. Pahules, 233 So.2d 130, 131 (Fla.1970)); Florida Bar v. Williams, 604 So.2d 447, 452 (Fla.1992) (same). In other words, disbarment "occupies the same rung of the ladder in these proceedings as the death penalty in criminal proceedings." Florida Bar v. Summers, 728 So.2d 739, 742 (Fla.1999) (quoting Florida Bar v. Hirsch, 342 So.2d 970, 971 (Fla.1977)).
Given the facts of this case, we conclude that suspension and not disbarment is the proper sanction under the Florida Standards for Imposing Lawyer Sanctions. A hierarchy of sanctions is authorized in cases where a lawyer fails to act with reasonable diligence in representing a client.[8] Ordinarily, admonishment is *1007 the appropriate sanction when a lawyer is negligent and fails to act with reasonable diligence in representing a client and causes little or no actual or potential injury to a client.[9] Public reprimand is the appropriate sanction when a lawyer is negligent and fails to act with reasonable diligence in representing a client and causes injury or potential injury to a client.[10] Suspension is the appropriate sanction when a lawyer (a) knowingly fails to perform services for a client or engages in a pattern of neglect and (b) causes injury or potential injury to a client.[11] Finally, disbarment is the appropriate sanction when a lawyer (a) abandons his or her law practice or knowingly fails to perform services or engages in a pattern of neglect and (b) causes serious or potentially serious injury to a client.[12]
The presumptive sanctions assume the absence of aggravating or mitigating circumstances. In this case, the referee found as an aggravating circumstance that Shoureas had been disciplined earlier for a similar violation. Based on the record, that was a proper assessment. We note, however, that the suspension in the earlier case was imposed long after the two matters giving rise to the present disciplinary proceeding already had taken place.[13] Shoureas thus did not have the benefit of the rehabilitative effect of the first disciplinary sanction at the time she engaged in the conduct that resulted in the present disciplinary violations. Further, the referee's finding of a pattern of misconduct is based on the prior disciplinary case and the two cases of client neglect that gave rise to this current disciplinary action.
The referee also found as an aggravating circumstance that Shoureas abandoned her law practice. This matter, however, was not mentioned in the complaint and there is no other evidence in the record supporting this circumstance. With respect to client injury, the referee found as an aggravating circumstance that Shoureas "has been indifferent ... to making restitution to her clients" and the referee recommended that Shoureas be ordered to make "full restitution to Mantorval in the amount of $400 and to Sylvia Herrera in the amount of $450." The record, however, contains no evidence supporting this finding and recommendation.
Finally, although the referee did not find that any mitigating circumstances were applicable here and Shoureas waived the right to present mitigation by her absence from the disciplinary proceedings before the referee, two mitigating circumstances are apparent on the face of this record: (a) the record is devoid of any evidence showing that Shoureas had a dishonest or selfish motive in committing the above disciplinary violations,[14] and (b) the record shows that Shoureas was inexperienced in the practice of law.[15] The complaint states that Shoureas was admitted to the Bar on March 31, 2000, and that the incidents giving rise to the disciplinary proceedings here and in the prior case all arose within a two-year period following her admission to the Bar.
*1008 Thus, in assessing whether disbarment or suspension is the appropriate sanction, we consider the three purposes of discipline, the extraordinary nature of disbarment as an extreme measure of discipline, the presumptive standards, and existing case law. We conclude that suspension rather than disbarment is the appropriate sanction for the following reasons.
In the present case, there is no evidence that Shoureas abandoned her law practice. Nor is there any evidence that Shoureas caused "serious or potentially serious injury" to her clients. Rather, the referee found that in both client matters Shoureas agreed to represent clients, accepted fees, and then took "little or no significant action" and did not respond to the clients' repeated inquiries. Although the referee did not specifically find that Shoureas "knowingly" failed to perform the agreed-upon services, the fact that she failed to respond to repeated inquiries indicates that she was aware of, or reasonably should have been aware of, her inaction. Although the referee did not specifically find that Shoureas's actions "cause[d] injury or potential injury" to her clients, the fact that she neglected the matters over a substantial period of time indicates that her actions reasonably may have caused potential injury to her clients. Further, the referee's findings indicate that Shoureas engaged in a pattern of neglect and reasonably may have caused potential injury to her clients. Accordingly, under the Florida Standards for Imposing Lawyer Sanctions, suspension is the appropriate sanction in the present case.[16]
We also conclude that this case is factually distinguishable from those cases in which disbarment was imposed. Each of the cases cited by the referee to support disbarment differs from the present case in key respects. Specifically, there was either uncontested evidence of abandonment of a law practice or evidence of fraud and misrepresentation, or the violations were uncontested both before the referee and this Court.[17] The two additional cases cited by the Bar in its answer brief are similarly distinguishable in the number of violations involved, the type of conduct involved, and the fact that the violations were uncontested both before the referee and this Court. See Florida Bar v. Gunther, 400 So.2d 968, 968-69 (Fla.1981) (noting in an uncontested proceeding that the attorney "agreed to represent and collected legal fees from various clients on various legal matters [in twenty-six cases] but that respondent thereafter failed to take any action on the clients' behalf"); Florida Bar v. Mitchell, 385 So.2d 96, 97 (Fla.1980) (noting in an uncontested proceeding that the attorney "failed to file claims [in several cases], make court appearances, or prosecute appeals on behalf of his clients").
*1009 A review of our precedent reveals that the sanction of a long-term suspension, not disbarment, is authorized under the Standards for Imposing Lawyer Sanctions and has a reasonable basis in existing case law. See, e.g., Florida Bar v. Cimbler, 840 So.2d 955 (Fla.2002) (imposing a one-year suspension for neglect of client matters); Florida Bar v. Centurion, 801 So.2d 858 (Fla.2000) (imposing a one-year suspension for neglect of client matters); Florida Bar v. Elster, 770 So.2d 1184 (Fla.2000) (imposing a three-year suspension for neglect of client matters); Florida Bar v. Jordan, 705 So.2d 1387 (Fla.1998) (imposing a one-year suspension for neglect of client matters); Florida Bar v. Morrison, 669 So.2d 1040 (Fla.1996) (imposing a one-year suspension for neglect of client matters); Florida Bar v. Brakefield, 679 So.2d 766 (Fla.1996) (imposing a six-month suspension for neglect of client matters); Florida Bar v. Winderman, 614 So.2d 484 (Fla.1993) (imposing a one-year suspension for neglect of client matters); Florida Bar v. Patterson, 530 So.2d 285 (Fla.1988) (imposing a one-year suspension for neglect of client matters); Florida Bar v. Schilling, 486 So.2d 551 (Fla.1986) (imposing a six-month suspension for neglect of client matters).
The attorney in Elster collected legal fees in several cases, did no significant work, failed to keep the clients apprised of the progress, and refused to respond to the clients' repeated inquiries. This Court emphasized the serious consequences of a lawyer's neglect of client matters:
[C]onfidence in, and proper utilization of, the legal system is adversely affected when a lawyer fails to diligently pursue a legal matter entrusted to that lawyer's care. A failure to do so is a direct violation of the oath a lawyer takes upon his admission to the bar.
Elster, 770 So.2d at 1188 (quoting Schilling, 486 So.2d at 552). However, the Court rejected the Bar's proposed sanction of disbarment, noting that "in previous cases which have involved similar circumstances we have imposed a long-term suspension." Id. at 1188. We concluded in Elster that a three-year suspension was the appropriate sanction.
Given the facts of the present case, we conclude that a long-term suspension rather than disbarment is warranted, particularly given the brief time that Shoureas practiced law. Shoureas is already under a ninety-one-day suspension that will require proof of rehabilitation in order for her to be reinstated to practice law. Because of Shoureas's failure to contest the disciplinary charges before the referee and especially given her failure to present any mitigation or explanation for her actions, we conclude that the maximum period of suspension is warranted  a period of three years as in Elster. We emphasize that, although we disagree with the recommended sanction of disbarment, the three-year suspension in this case is an extremely serious sanction and will require Shoureas to establish proof of rehabilitation before she can be reinstated.
We also impose additional terms of probation if Shoureas is ever reinstated. If reinstated, Shoureas immediately shall be placed on probation for one year with the following conditions: (a) she shall enroll in The Florida Bar's Law Office Management Assistance Service ("LOMAS") and shall maintain enrollment throughout the probationary period or as deemed necessary by the executive director of LOMAS and shall comply with any recommendations made by LOMAS; (b) during her probationary period, her court appearances and client representations shall be supervised by an attorney approved by the Bar and she shall meet at least once a month with that attorney; and (c) during the probationary period, she shall make quarterly reports to the Bar regarding her caseload and the supervision of her work.

*1010 III. CONCLUSION
Based on the foregoing, we approve the referee's findings of fact and recommendations as to guilt with the exceptions noted above. Marjorie Hollman Shoureas is hereby suspended immediately from the practice of law in Florida for a period of three years and thereafter until she proves rehabilitation. Because Shoureas currently is suspended pursuant to the prior disciplinary action, she does not need thirty days to close out her practice and protect the interests of existing clients. Accordingly, the present suspension is effective upon filing of this opinion. Judgment for costs in the amount of $907.51 is entered against Marjorie Hollman Shoureas and in favor of The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for which sum let execution issue. Interest at the statutory rate shall accrue and be payable beginning thirty days after judgment in this case becomes final unless a waiver is granted by the Board of Governors of The Florida Bar.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, and CANTERO, JJ., concur.
LEWIS and BELL, JJ., concur in result only.
NOTES
[1] Specifically, the referee recommended that Shoureas be found guilty of violating the following rules:

[The Mantorval Matter]
A. As to Count I: By the conduct set forth above, respondent violated R. Regulating Fla. Bar ... 4-1.1 (A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.); and 4-1.3 (A lawyer shall act with reasonable diligence and promptness in representing a client.).
B. As to Count II: By the conduct set forth above, respondent violated R. Regulating Fla. Bar ... 4-1.4(a) (A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.); and 4-1.4(b) (A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.).
C. As to Count III: By the conduct set forth above, respondent violated R. Regulating Fla. Bar ... 4-1.4(a) (A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.); and 4-1.4(b) (A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.).
D. As to Count IV: By the conduct set forth above, respondent violated R. Regulating Fla. Bar 4-8.4(g) (A lawyer shall not fail to respond, in writing, to any official inquiry by a disciplinary agency, as defined elsewhere in these rules, when such agency is conducting an investigation into the lawyer's conduct.).
[The Herrera Matter]
E. As to Count V: By the conduct set forth above respondent violated R. Regulating Fla. Bar ... 4-1.3 (A lawyer shall act with reasonable diligence and promptness in representing a client.).
F. As to count VI: By the conduct set forth above, respondent violated R. Regulating Fla. Bar 4-1.4(a) (A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.); and 4-1.4(b) (A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.).
G. As to Count VII: By the conduct set forth above, respondent violated R. Regulating Fla. Bar 4-8.4(g) (A lawyer shall not fail to respond, in writing, to any official inquiry by a disciplinary agency, as defined elsewhere in these rules, when such agency is conducting an investigation into the lawyer's conduct.).
[2] The referee recommended that Shoureas be disbarred based on the following rationale:

I recommend that respondent be disbarred from the practice of law for a period of five years. Further, I recommend that full restitution to Felipe Mantorval in the amount of $400 and to Sylvia Herrera in the amount of $450 be a condition precedent to respondent's readmission to The Florida Bar.
In arriving at the foregoing disciplinary recommendation, consideration was given to various factors which are set forth below:
A. Respondent has been the subject of prior disciplinary orders, specifically respondent received a 91 day suspension in Case No. SC02-2226.
B. Respondent has shown a pattern of misconduct and has engaged in multiple offenses.
C. Respondent has obstructed these disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency.
D. Respondent has been indifferent to these proceedings and indifferent to making restitution to her clients.
E. Standards 4.41 and 4.51 of the Florida Standards for Imposing Lawyer Sanctions best fit the misconduct described. Standard 4.41 states that disbarment is appropriate when a lawyer abandons the practice or a lawyer knowingly fails to perform services for a client or a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client. Standard 4.51 states that disbarment is appropriate when a lawyer's course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines or procedures and the lawyer's conduct causes injury or potential injury to a client.
F. Finally, case law supports disbarment for those who abandon their clients and fail to participate in any way in the disciplinary proceedings against them. See The Florida Bar v. Setien, 530 So.2d 298 (Fla.1988); The Florida Bar v. Ribowsky-Cruz, 529 So.2d 1100 (Fla.1988); The Florida Bar v. Friedman, 511 So.2d 986 (Fla.1987); The Florida Bar v. Bartlett, 509 So.2d 287 (Fla.1987); and The Florida Bar v. Murray, 489 So.2d 30 (Fla.1986).
[3] See Florida Bar v. Eubanks, 752 So.2d 540, 544 (Fla.1999); Florida Bar v. Porter, 684 So.2d 810, 813 (Fla.1996).
[4] See Porter, 684 So.2d at 813.
[5] See Florida Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
[6] See also Florida Bar v. Feinberg, 760 So.2d 725 So.2d 360, 363 (Fla.1998); Florida Bar v. Reed, 644 So.2d 1355, 1357 (Fla.1994); Florida Bar v. Lord, 433 So.2d 983, 986 (Fla.1983).
[7] See Florida Bar v. Forrester, 818 So.2d 477, 483 (Fla.2002); Florida Bar v. Kelly, 813 So.2d 85, 89-90 (Fla.2002); Florida Bar v. Morse, 784 So.2d 414, 416 (Fla.2001); Florida Bar v. Mogil, 763 So.2d 303, 312 (Fla.2000); Temmer, 753 So.2d at 558.
[8] Standard 4.4 of the Florida Standards for Imposing Lawyer Sanctions addresses "Lack of Diligence" and provides as follows:

Standard 4.4 Lack of Diligence
Absent aggravating or mitigating circumstances, and upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving a failure to act with reasonable diligence and promptness in representing a client:
4.41 Disbarment is appropriate when:
a. a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
b. a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
c. a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
4.42 Suspension is appropriate when:
a. a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
b. a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.
4.43 Public reprimand is appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. 4.44 Admonishment is appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client and causes little or no actual or potential injury to a client.
Fla. Stds. Imposing Law Sancs. 4.4.
[9] See Fla. Stds. Imposing Law. Sancs. 4.44.
[10] See Fla. Stds. Imposing Law. Sancs. 4.43.
[11] See Fla. Stds. Imposing Law. Sancs. 4.42.
[12] See Fla. Stds. Imposing Law. Sancs. 4.41.
[13] The suspension in the earlier case was imposed on February 20, 2003; the matters in the present case arose in October 2000 and March 2002.
[14] See Fla. Stds. Imposing Law. Sancs. 9.32(b).
[15] See Fla. Stds. Imposing Law. Sancs. 9.32(f).
[16] See Fla. Stds. Imposing Law. Sancs. 4.42.
[17] See Florida Bar v. Setien, 530 So.2d 298 (Fla.1988) (noting that the attorney abandoned his law practice without notice to his clients and disappeared and was dishonest in his business dealings with the circuit court and his landlord); Florida Bar v. Ribowsky-Cruz, 529 So.2d 1100 (Fla.1988) (noting in an uncontested proceeding that the attorney abandoned her law practice without notice to her clients and without taking any steps to allow clients or the Bar to contact her); Florida Bar v. Friedman, 511 So.2d 986, 987 (Fla.1987) (noting in an uncontested proceeding that the attorney abandoned his law practice and had committed "specific acts of neglect, fraud, misrepresentation, breach of fiduciary responsibility, conversion of funds and trust account violations"); Florida Bar v. Bartlett, 509 So.2d 287 (Fla.1987) (noting in an uncontested proceeding that the attorney did not respond to the Court's call for briefs and had twice been suspended for neglecting client matters); Florida Bar v. Murray, 489 So.2d 30 (Fla.1986) (noting in an uncontested proceeding that the attorney had abandoned his law practice and moved outside Florida).